## HART *vs*. DUBOIS.

An order of a court of common pleas for the discharge from custody of an impri-
soned debtor who had made a voluntary assignment, is a defence to the *sheriff*
in an action for the escape of the prisoner, although *fourteen days* had not elapsed
between the arrest of the prisoner and the granting of the order; for the protec-
tion of the sheriff, it will be intended that the plaintiff *waived* full notice.

*It seems* that officers acting under process *regular on its face*, are not affected by
*irregularities* in the process, unless *actual participators* in the irregularity.

THIS was an action of *debt* against the defendant, as sheriff
of the county of Ulster, for the escape of a prisoner from exe-
cution, tried at the Ulster circuit in October, 1836, before the
Hon. CHARLES H. RUGGLES, one of the circuit judges.

The defence was, that the court of common pleas of the
county of Ulster had made an order for the discharge of the
prisoner from custody, upon his petition and compliance with
the requirements of the statute relative to *voluntary assignments
by a debtor imprisoned in execution in civil causes*, 2 R. S. 31,
and that on being served with such order, the sheriff permitted
him to go at large. The order for the discharge was granted
on the 14th March, 1831. Only five days preceding the order,
.viz. on the 9th day of March, the *capias ad satisfaciendum*,
from custody under which the escape was alleged to have taken
place, was delivered to the under-sheriff of the county, the de-
fendant in the process being then a prisoner within the walls of
the common jail. Notice of the intention to present the peti-
tion was served upon the attorney of the plaintiff in the process,
and the evidence of the service was an admission endorsed on
the notice in these words: "I admit service of a copy of the
within this day, March 14th, 1831." Signed by the plaintiff's
attorney. The statute, section 3, requires that *fourteen days*
previous notice of the presenting of the petition shall be given.
It was insisted by the counsel for the plaintiff, that inasmuch as
the sheriff knew that *fourteen days notice* could not have been

given, he was aware that the common pleas had no *authority* to grant the order, and that the same must have been *irregularly* granted ; and possessing this knowledge, the order of the common pleas was no protection to him. The judge ruled that the order was a good defence, and instructed the jury to find a verdict for the defendant, which they did accordingly. The plaintiff having excepted to the decision of the judge, applied for a new trial.

*H. M. Romeyn,* for the plaintiff.

*M. T. Reynolds,* for the defendant.

*By the Court,* Cowen, J. I think it does not follow, of necessity, either that the court wanted jurisdiction, or if they did, that the sheriff had knowledge thereof. The court had jurisdiction of the subject matter. Leonard was in on a ca. sa. in assumpsit for less than $500, which entitled him to his discharge instantly, on giving the plaintiff, Hart, fourteen days' notice. 2 *R. S.* 31, § 1, 3. This notice was entirely for the plaintiff's benefit, and he might, therefore, waive or take short notice by consent. That would make the proceeding regular in respect to every body. *Non constat* but that he actually gave such consent : and if he did not, *non constat* that the sheriff knew he had not. I think we should intend every requisite circumstance to make the proceeding good in favor of the sheriff, inasmuch as the order of discharge was perfectly regular on its face. Of itself, it is not denied to have been a complete protection, *and see Fullerton* v. *Harris,* 8 *Greenleaf,* 393.

In this view, it is not necessary to say whether actual knowledge that there was a want of jurisdiction over the person, would affect the sheriff. I am aware the authorities leave it open to contend that, in certain cases, where there is a want of jurisdiction over subject matter or territory, and that known to the officer, he is liable ; and it is not necessary to deny that it may be so ; nor that he might be implicated by actual participation in a notice mischievously irregular. But such a case is

not made out here.   Independent of participation, how is he to know but the usual notice was waived as it always may be.   Take the case where a justice has no jurisdiction without process served in time and duly returned ; how is the officer holding an execution where no summons was served, to know that it was not waived ?   Short of a guilty participation, I know not how he is to be affected.   Suppose an officer to be told all about the original irregularity ; how is he to know that the information is true ?   *Olliet* v. *Bessey*, *T. Jones*, 214.

New trial denied.