## HERSHEY v. FRY.

Where a tax has been legally ordered, by officers, *de jure* certainly, if not *de facto*, against a person liable to be taxed, and the officer, who has been duly chosen and qualified, has a proper warrant to collect said tax, the officer will, in the absence of fraud on his part, be protected under the warrant, and is not answerable for any irregularities in the previous proceedings.

Where in an action of replevin against an officer, brought to recover the possession of property distrained for taxes, the plaintiff offered in evidence the assessment roll under which the officer acted, without urging any objection to its validity, and where the plaintiff admitted in his pleadings, that defendant was the proper officer, and acting as such under the said assessment roll and a warrant; *Held*, That it was unnecessary for the officer to show affirmatively the power under which he acted, that having already been done for him by the plaintiff.

And where in an action of replevin against an officer, to recover the possession of property distrained for city taxes, the plaintiff, after offering the assessment roll in evidence, proposed to prove by the city assessor, that he had not called on plaintiff at the time he made the assessment, but that in making the same, he had copied the amount of personalty assessed to plaintiff, from the county list; and, also, that the property so copied and assessed, was not within the city limits at the time of such assessment, but consisted of a stock of lumber outside of said city, which evidence was rejected by the court; *Held*, That the evidence was properly rejected, being, under the circumstances, inadmissible to tend to fix the liability of the defendant.

*Appeal from the Muscatine District Court.*

THE defendant, as marshal of the city of Muscatine, distrained certain personal property of the plaintiff, for the payment of taxes, claimed to be due and owing from him to said city. This action of replevin, was brought by plaintiff, to obtain said property. On the trial, it appears that plaintiff offered the assessment roll of the county, to show that for the year 1854, he had been assessed with a certain amount of personal property. He also offered the city assessment roll for the same year, which showed that he had been assessed with the same amount of personal property. These being admitted in evidence, he then proposed to prove by the city assessor, that he had not called on plaintiff at the time he

made the assessment, but that in making the same, he had copied the amount of personalty, assessed to plaintiff, from the county list, and, also, that the property so copied and assessed, was not within the city limits at the time of such assessments, but consisted of a stock of lumber outside of the said city. This testimony being objected to by defendant, the objection was sustained, and there being no further or other testimony, judgment was rendered for defendant, and plaintiff appeals, assigning for error the rejection of the offered testimony.

*J. Scott Richman*, for the appellant.

*Jacob Butler*, for the appellee.

WRIGHT, C. J.—It is assigned for error : *First.* That the offered testimony should have been admitted ; *Second.* That the defendant should have been required to show that the tax had been regularly and properly assessed ; and *Third.* That the plaintiff should have been permitted to show negatively, that said tax had not been properly levied as to plaintiff's property.

The first and third assignment may properly be considered together, as they involve substantially the same question. By the charter of this city, the marshal is the collector of taxes levied for city purposes. Before proceeding to collect the same, he is required to give thirty days' notice of the assessment and levy of the tax, and the rate thereof, in general terms, without names, or the description of the property, in a newspaper printed in the city, if there be one ; and if none, then by two written notices posted in public places in each ward. During said thirty days, any person aggrieved by the assessment or taxation, may appear before the city council, which may correct the same, if erroneous. The mayor is to affix his warrant to the tax list, and such warrant and list, shall be a justification to the collector. So, also, the latest county assessment roll, shall form the basis of the city assessment, but any property therein omitted, may

be added by the city assessor, he being authorized to assess the same. Where the tax is not paid within a reasonable time after demand, the marshal has power to distrain upon personal property liable to taxation, and sell the same, as the county collector may sell in like cases. See Laws of 1851, pages 66, 67, §§ 31, 37.

In this case, it will be observed, that the city assessment or tax list was introduced by plaintiff. There appears to have been no objection by him that the tax, as a whole, was not legally levied, or that the mayor and council were not in office under proper authority. Neither does he attempt to show, that he was not liable to pay taxes in said city; nor that the marshal was not properly elected and qualified as such officer. There was no effort to show that he had not a proper warrant, or that he had not given the thirty days' notice required by law; or that plaintiff had not full opportunity to appear before the city council, to correct any alleged erroneous assessment; nor is there any claim that the taxes had not been demanded. On the contrary, we are justified in saying, that the regularity of the proceedings of the city officers in all these respects, and the liability of the said plaintiff to pay tax to some amount, is, in effect, conceded, from two considerations: the first of which is, that he claims in his pleadings to have tendered to the marshal all the taxes legally chargeable against him; and in the second place, because by his pleadings and the offered proof, he seeks to establish, that the city, by its officers, had no authority to assess a certain specified lot or lumber, and for this reason, and none other, does he maintain, that the officer was not justified in levying upon the property replevied. In other words, the basis of his action is, that inasmuch as the assessor had not properly performed his duty, or had transcended his power, therefore, the marshal was not justified in distraining the property. If he could prove this, could it avail him in this action? We think not. We are aware, that upon this subject, the decisions are far from being uniform. Where, however, a tax has been legally ordered by officers, *de jure* certainly, if not

*de facto*, against a person liable to be taxed, and the officer, who has been duly chosen and qualified, has a proper warrant to collect said tax, he will, in the absence of fraud on his part, be thereunder protected, and is not answerable for any irregularities in the previous proceedings. *Smith* v. *Shaw*, 12 Johns. 257; *Johnson* v. *Dale*, 4 N. H. 480; *Coleman* v. *Anderson*, 10 Mass. 109; *Dillingham* v. *Snow*, 5 Mass. 547; *Cloutman* v. *Pike*, 7 N. H. 209; *Little* v. *Merrill*, 10 Pick. 547; *Loomis* v. *Spencer et al.*, 1 Ohio, 153; *The People* v. *The Supervisors of Westchester*, 15 Barb. 607; *The Albany and West Stockbridge R. R. Co.* v. *Town of Canaan*, 16 Barb. 244; *Oakley* v. *Van Horn*, 21 Wend. 305; *Hart* v. *Dubois*, 20 Wend. 236; *Barnes* v. *Barber et al.*, 1 Gilman, 401; *Parker* v. *Smith*, 1 Ib. 411; *Jackson* v. *Hobson*, 4 Scam. 411.

Without referring to the foregoing cases in detail, we think that most, if not all, of them fully sustain the foregoing proposition. In some of the cases from Massachusetts, it will be found, that the courts there hold that plaintiff's remedy in such cases, is against the assessor, and not against the collector. The protection which the warrant affords to the collector, and the liability of the persons who illegally assess the tax, or cause it to be done, will also be found to be very fully discussed in the case above cited, from 1 Ohio, 153.

In the case before us, it sufficiently appears that the irregularity, if any, originated with the assessor. Upon the face of the tax list everything was regular, and the collector was commanded, by the proper warrant, to collect the several amounts appearing to be due and owing thereon. It was his duty to comply. He had no discretion in the matter, so far as this record discloses. If there had been no color of law for the assessment, or had it been made under an unconstitutional law, his position would have been different. So, also, if the warrant had shown upon its face a want of power in the city council to act, or if he had levied upon the property of A. to satisfy the tax due from B., he would not be protected.

The law contemplates that these grievances and irregularities, shall be settled by application to the city council

Hershey v. Fry.

within the thirty days named. That is the local tribunal to which has been appropriately delegated the power to correct any erroneous assessments. And public policy, as well as the proper administration of the local affairs of these smaller municipal organizations, would seem to dictate that parties should be required to apply within the time limited, except in those cases where, without the complaining party's fault, manifest injustice will result, by concluding him by the lapse of time.

A party, if injured under such circumstances, is not remediless, as seems to be supposed in the argument, if the collector should be justified by his warrant. If the assessor had exceeded his power, or made an assessment, upon an illegal basis, to plaintiff's prejudice, he may have his remedy against him. So also, a case might arise where the corporation would be liable for the action of the council in ordering the collection of the tax. Again, should the council refuse to act, on a proper application to correct an erroneous assessment, it could be compelled to by the process of mandamus. Thus, in various methods, may the aggrieved party be protected in his rights; and methods, that to our minds, are more consonant with reason, and what is due to an officer acting in good faith, under a legal process, than to make him liable in damages, for the action of those with whom the injury may have originated, and who properly should be held responsible.

This view of the case, renders it unnecessary to examine the second assignment of error. The plaintiff, by introducing the assessment roll himself, urging no objection to its validity as such, and by admitting in his pleadings that defendant was the city marshal, and acting under the said roll and warrant, made it unnecessary that he should show affirmatively the power under which he acted. That had already been done for him.

We think that the testimony offered by plaintiff was properly rejected, being, under the circumstances, inadmissible to, or in any manner tend to, fix defendant's liability.

Judgment affirmed.