## GAMES *v.* ROBB.

Where in an action of trespass, a county treasurer justified the taking of personal property, for the non-payment of taxes, under a warrant of the county judge, attached to the tax list, commanding him to collect the taxes therein mentioned, he need not set out, with a copy of the warrant, the tax list, nor a copy thereof.  An averment in his answer, of his readiness to produce the tax list, is all that is required.

Where a county treasurer, in justifying in an action of trespass, for the taking of personal property, states in his answer, that he received the tax list for a given year, with the warrant of the county judge attached, in due form, he need not state more to show the authority under which the list was made, and that he was authorized to collect the taxes within the limits of the county, in the manner prescribed by law.

The county judge possesses the power to submit to a vote of the people of the county, the question whether the county will subscribe to the capital stock of a railroad company, whose road is to run through such county, and such a vote is not in derogation of law.

A demurrer admits facts which are well pleaded, but not the law as claimed by the pleader, nor the inference or conclusions drawn by him.

Where taxes are levied under, and by virtue of, a vote of the people authorized by law, a failure on the part of those officers conducting the election, and those whose duty it is, by law, to make the entries, and give the notices, necessary to perfect the vote, will not make the county treasurer liable as a wrong-doer, in the collection of taxes levied under such vote, if authorized by a proper warrant.

Under sections 487, 488 and 492 of the Code, the tax list, with the warrant of the county judge attached, completely protects the county treasurer against the irregular or illegal proceedings of the officers connected with the levy of the tax.

A county treasurer, as to justification in levying upon property for the non-payment of taxes, occupies the same position to all taxes, whether general or special; and his protection is as full and complete in the collection of special, as it is in that of general taxes, in reference to the illegality or irregularity of the assessment.

Where the law authorizes a submission to a vote of the people, as to the levying of a special tax, and there is such a submission in fact, and the result is declared in favor of the proposed tax, the county treasurer is not to be held liable for any failure of the county judge or other officer, to comply with the directory provisions of the law regulating the manner of conducting the election, or their neglect in making the proper entries.

*Appeal from the Muscatine District Court.*

SATURDAY, APRIL 9.

TRESPASS for taking and carrying away personal property. Defendant is the treasurer of Muscatine county, and justifies the seizure, possession and sale of the property, under a warrant for the collection of certain taxes. The questions made, arise upon demurrers to the answer and

replication. The demurrer to the answer was overruled; that to the replication was sustained. Plaintiffs appeal. The facts are sufficiently stated in the opinion of the court.

*D. C. Cloud*, for the appellants.

*Richman & Brother*, for the appellee.

WRIGHT, C. J.—The answer, (or so much as is demurred to), sets up that defendant was at the time of the taking, charged in the petition, treasurer of Muscatine county, and as such officer, was the duly authorized collector of taxes for said county; and that prior thereto, the tax list for the year 1855, was placed in his hands, together with the warrant of the county judge of said county, commanding defendant to collect the taxes mentioned in said list, which said tax list and warrant, he avers he is ready to produce in court. A copy of the warrant he attaches, and asks that it be made a part of his answer. It is further stated, that in said tax list, plaintiff was charged with the sum of (naming the sum), taxes, which, upon request made of him by defendant, he refused to pay; that said taxes became delinquent; that defendant, by virtue of the aforesaid warrant and tax list, proceeded to distrain plaintiff's property for the payment of said tax; that he levied upon the property on the 16th of May, 1856; that he gave notice of the time and place of sale, (a copy of which is attached, dated May 17th, and fixing the sale May 24th, 1856); and sold said property at the time fixed, at public auction, to the highest bidder; and that after deducting said plaintiff's taxes, interest thereon, and the costs of sale, there remained in his hands the sum of, (which is stated), which balance he has offered to pay plaintiff, and which he has refused to receive. So the defendant says that such levy and sale, under the authority stated, is the trespass complained of, and prays judgment.

The demurrer to this answer raises two questions: *First*, That the tax list, or so much of it as is applicable to the

case, should have been set forth, and made a part of said answer; *Second*, That it fails to show by what authority the said tax list was made, or the limits within which it was to operate.

Without putting the decision of this part of the case, upon the ground that by replying or pleading over, plaintiff waived his right to insist upon his demurrer, we will, as counsel for appellant have discussed the question at some length, examine the points made. And we are very clear that the demurrer was properly overruled.

It was not necessary to annex a copy of the tax list to the answer. When defendant gave a copy of the warrant, attached to the list, as required by the Code, (section 487), and averred his readiness to produce the list itself, he did all that is required of him, in the first instance, by either the letter or spirit of our system of pleading and practice. Section 1750, of the Code, in requiring a copy of the instrument, or account upon which the pleading is founded, to be annexed, has reference to the note—the obligation—or written instrument—which is the foundation of the action or defense, rather than a book, like the tax list placed in the hands of the treasurer for the collection of the taxes from year to year. It was intended that this, as well as all the provisions of the Code, should receive a construction consistent with reason, public policy, the nature of the evil existing, and the remedy designed to be applied. It would be clearly unreasonable and absurd, to say that the list itself should be attached, to the detriment and delay of the public business in the collection of the revenues of the county and state. It would be equally absurd to require a copy of the entire list, for this would involve an expenditure—an accumulation of costs, and an encumbering of the record, to an extent required by no rule of pleading, or the rights or interests of parties. It must not be forgotten, either, that such a list is a public record, and to which the plaintiff has full access. He requires no copy to enable him to be fully advised of its features, or its sufficiency as

a warrant, or justification, to the officer acting under it. Not only so, but if the production of such list was deemed material to the just determination of the cause, the district court might, in its discretion, upon proper application, have directed its production for the inspection of the plaintiff. Code, secs. 2423 and 2424. We are unhesitatingly of the opinion, therefore, that the defendant annexed to his pleading, all that was necessary, so far as this objection is concerned.

We are not certain that we correctly apprehend the point made by the second ground of demurrer. As we understand it, it is based upon a misconception of the averments contained in the answer. The law requires the clerk, as soon as practicable after the taxes are levied, to make out a tax list. Upon this list, an entry is required to be made, showing what it is, and for what county and year, to which the county judge is required to attach his warrant, under his hand and official seal, in general terms, requiring the treasurer to collect the taxes therein levied, according to law. This list is required to be delivered to the treasurer, and it is a full and sufficient authority for him to collect all taxes therein contained. Upon receiving this list and warrant, the treasurer is to proceed to collect the taxes levied, and the list and warrant are his authority and justification against any illegality in the proceedings, prior to receiving the list. He is not required to make any demand of the taxes, but all persons subject to taxation, are required to attend at his office and make payment; and if any one shall fail to pay, before the first day of January following the levy; the treasurer is directed to make the same by distress and sale of personal property, "and the tax list alone will be a sufficient authority for such distress. Sections 486–7–8, and 492.

Now, in this case, the answer sets up that defendant is treasurer of Muscatine county, and as such, received the tax list for said county, for the year 1855, to which was at-

tached the warrant of the county judge, under his hand and official seal. When he says that it was the tax list of that county, for that year, he shows by any fair or natural construction, the authority by which it was made. The law prescribes the manner of assessing property—who shall do it—to whom the return shall be made—who shall levy the taxes, and when. With all these things, however, the treasurer has nothing to do, in presenting his authority or justification. He is not required to state what the law is, nor what the law requires, in his pleading. When he states that he received the tax list for the year 1855, with the warrant of the judge attached, in due form, he need not state more, to show the authority under which the list was made. Taxes have to be levied by the proper officer, for the current year, and this not for one year alone, but from year to year; and when the pleader refers to this levy and the list, he refers to those things for which the law provides, and which have a known, definite, and well understood meaning.

As to the limits within which the tax list was to operate, there can reasonably be no room for doubt. The copy of the warrant attached becomes a part of the answer, and is to be regarded as if incorporated into it. From this, in connection with the averments of the answer, we have no difficulty in understanding that the pleader refers to the tax list of Muscatine county, for the year 1855, which was placed in his hands at the proper time, as the officer authorized to collect such list, and that he was to collect the same within the limits of the county, in the manner, and only in the manner, required by law.

We pass to the consideration of the demurrer to the replication.

The replication sets up, that the tax mentioned in the answer, was for railroad purposes, under a particular vote in said county, in the year 1853, to subscribe $150,000 to the capital stock of the Mississippi and Missouri railroad

Games v. Robb.

company; that if any such proposition was submitted, it was for a purpose not warranted by law; that the county judge had no power to submit the same; that any election held in relation thereto, was illegal and void, "not only because it was for a purpose in derogation of law, but because none of the requirements of law were complied with in said election. The pleader then proceeds to state the respects in which the law was not complied with—as that the judges and clerks were not sworn, as required by law; that they did not make their return to the judges within the time limited; that no notice of the election was given, as by the law required, and that no notice of the adoption of said proposition had been published by the county judge. It is also stated, that said tax is illegal and void, for the reason that there is nothing on the record to show to what purpose the tax to be collected is appropriated.

Two questions are made: *First.* Had the county judge power to submit such a proposition? *Second.* If he had, will a failure upon the part of those conducting the election, and those whose duty it is by law, to make the entries and give the notices required, make the defendant liable as a wrong doer?

The first question we understand to be settled, in favor of the power, by the cases of *Clapp* v. *Cedar County*, 5 Iowa, 15; *Ring* v. *Johnson Co.*, 6 Ib., 265, and *McMillen* v. *Boyles, Co. Judge*, 6 Ib., 304, and the cases there referred to. It is suggested, however, that the replication alleges that said vote was without authority of law; or if under any law, that such law was unconstitutional and void; that the demurrer admits this, and therefore, should have been overruled. We do not understand that the demurrer admits any such thing. A demurrer admits the facts which are well pleaded, but not the law, as claimed by the pleader; nor the inference or conclusions drawn by him. Chitty's Pleadings, 700.

The second question is settled, as we regard it, against the

appellant, by the case of *Hershey* v. *Fry*, 1 Iowa, 593, as well as by the express language of the Code. Without quoting, we refer to the reasoning adopted, and the princi-ples recognized, in that case, as applicable to the question here made. But it would seem that all doubt was removed, by reference to the authority given to, and the protection thrown around, the treasurer, by virtue of the tax list. We have seen that it is declared that the tax list, " shall be a full and sufficient authority to collect all the taxes therein contained "—" that this list and warrant are his authority and justification, against any illegality in the proceedings prior to receiving the list,"—and " that the tax list alone, will be a sufficient warrant for such distress." It would seem that language could not be used to more completely protect the treasurer, against the irregular or illegal proceedings of the officers connected with the levy of the tax prior to the receipt of the list, or to more clearly define the power and authority conferred by such list and warrant. Code, secs. 487, 488, and 492.

It is claimed, however, that these provisions have reference to the list made out for the collection of the ordinary state and county revenue, and that no such protection is conferred, when the tax is for a special purpose, raised and levied in a particular manner; and that as to such tax, the treasurer must proceed at his peril, subject to being mulcted in damages for the illegal proceedings of the officers, prior to the delivery of the list to him.

A tax of this character, is levied in pursuance of a vote of the people, upon a proposition submitted to them, which is to contain or specify the rate of tax to be levied for each year. It is styled " an additional tax "—" a special tax "— " a tax in addition to the usual taxes "—and a " distinct fund." When the question is submitted, it is required to be accompanied by a provision to levy a tax for the payment thereof, in addition to the usual taxes. Where the object is that contemplated by the vote had in this instance, the an-

nual rate is to be not less than one mill, nor more than one per cent. on the county valuation, and "becoming delinquent, shall draw the same rate of interest with the ordinary taxes." If it is supposed that the levy of one year will not pay the entire amount, the proposition and the vote must be to continue the proposed rate from year to year, until the amount is paid. Money so raised, is specially appropriated, and constitutes a distinct fund in the hands of the treasurer, until the obligation assumed is discharged. The recorder of each county is the treasurer thereof, and it is made his duty, as such, to collect the taxes, and receive all money payable to the county, and disburse the same. He is given authority, as we have before seen, to make the taxes due, by distress and sale of personal property. Code, sections 114–15–16–17–18, 124, 151, 152, 492.

Now, these provisions, as well as those cited in considering the demurrer to the answer, it would seem to us, place the treasurer, as to his justification in levying upon property, in the same position as to all taxes. The county judge should, possibly, be held to a greater degree of strictness as to this additional, or special tax, but the list and warrant are the authority and justification to the treasurer for the collection of this, by the means given him in the law, as much as for the collectien of the school, or ordinary taxes of the county. If the tax was levied without authority of the law, or if there was no vote authorizing the subscription, the question presented would be very different. But where the law authorizes such a submission—where there has been such a submission in fact, and the result is declared in favor of the proposed measure or tax, the treasurer is not to be held liable for any failure of the judge, or other officer, to comply with the directory provisions of the Code regulating the conducting of the election, or their neglect in making the proper entries.

It will be observed that this suit is brought to make the treasurer liable, not for any act or omission of his, (so far as

the demurrer reaches), but for the acts or omissions of others. The law has declared explicitly that the tax list and warrant, shall be his authority and justification against any illegality in the proceedings, prior to his receiving the list, and that the tax list alone, will be a sufficient warrant for such distress. This language is general—is not confined to the county or state revenue—to the school, the road, or a special tax, (and all are found in the one list); but the list is his authority to collect the taxes therein contained. The law confers certain powers, and imposes certain duties upon the county judge and other officers, in connection with the levy of such additional, as well as the ordinary taxes. If they shall exceed their powers, or neglect their duties, they are responsible to the party injured; but it was not intended to make the treasurer—an innocent party—liable for their acts. *Hershey* v. *Fry, supra.*

It is suggested that the treasurer did not comply with the law, in giving notice of such sale. To this, it is answered, that no such objection is made by the demurrer to the answer, nor is any such allegation contained in the replication. We may say, however, that we see nothing in the record to sustain the position.

The position that defendant might be liable in the action of replevin, though not as a trespasser, is without weight. If, as treasurer, he could collect this tax, by distress and sale, he had a right to take the property levied upon into his possession, and, if rightfully, the replevin would not lie. Code, sections 1994–5; 1 Iowa, 593.

                                        Judgment affirmed.