WILLIAM BULLYMORE, Respondent, v. WILLIAM COOPER, JR., Appellant.

An order of discharge, issued under the act providing for the discharge of a debtor imprisoned on execution (art. 6, title 1, chap. 5, part 2, Revised Statutes), will not *per se* protect a sheriff acting under it, unless it contain recitals of all the facts necessary to give jurisdiction to the court granting it. It is not sufficient that it shows general jurisdiction of the subject-matter; but that jurisdiction of the person and of the especial case, was acquired by the taking of the necessary steps prescribed by the statute to that end.

If the order fails in any of these particulars, the facts needful to give jurisdiction must be established by proof *aliunde*.

The court does not acquire jurisdiction to issue the order, unless at the time of the presentation of the petition, there is indorsed thereon an affidavit in the form prescribed by section 5, sworn to by the applicant.

The omission of an account of real and personal estate, as it existed at the time of the debtor's arrest, as required by section 4, is not supplied by allegations in the petition, that prior to the rendition of the judgment, in execution of which the debtor was arrested, he filed his petition in bankruptcy, was adjudged a bankrupt, and an assignee of all his property was appointed.

(Submitted September 6th, 1871; decided September 11th, 1871.)

APPEAL from order of the late General Term of the eighth judicial district, reversing judgment entered in Cattaraugus county upon decision of the court and awarding a new trial. (Reported below in 2 Lansing, 71.)

This is an action brought against defendant as sheriff of Cattaraugus county for an escape.

On the 11th November, 1868, plaintiff perfected judgment in the Supreme Court against Abner N. Flint and Norman Bullock. On the 30th December, 1868, an execution against the persons was issued upon said judgment to the defendant, as sheriff, who arrested said Flint and Bullock and committed them to jail. Applications were made to the county court of Cattaraugus county for their discharge. The following is a copy of the petition presented upon the application of Flint:

" IN THE MATTER OF THE PETITION OF ABNER N. FLINT TO BE DISCHARGED FROM IMPRISONMENT.

" *To the County Court of Cattaraugus county :*

" The petition of Abner N. Flint respectfully shows to this court, that he has been and still is imprisoned by the sheriff of Cattaraugus county, within the jail limits of said county, by virtue of an execution issued out of the Supreme Court of the State of New York, upon a judgment rendered therein in favor of Richard Bullymore. That he has been so imprisoned for more than sixty days, and that the amount of said execution is less than $200 ; that the cause of such imprisonment is an alleged fraud in procuring the property upon or for which the said judgment was rendered. And your petitioner further shows, that, prior to the rendition of said judgment, he filed his petition in bankruptcy in the office of the clerk of the District Court of the United States for the northern district of New York, and on the 24th day of June, 1868, was duly declared and adjudged a bankrupt, under the provisions of the bankrupt law of the United States, passed March 2, 1867, entitled, ' An act to establish a uniform system of bankruptcy throughout the United States ;' that, on the 10th day of August, 1868, George L. Winters, of Ellicottville, was duly appointed as assignee of all his property for the benefit of creditors, and that your petitioner has no property whatever, either real or personal, either in law or equity,

wherewith to make an account under the provisions of article 6, chapter 5, part 2, title 1, of the Revised Statutes, and that said proceedings in bankruptcy are still pending, and that your petitioner has a family who need his services for their support; wherefore, your petitioner prays that he may be discharged from his said imprisonment.

"A. N. FLINT.

"Sworn before me, this 13th }
    day of March, 1869.    }

" F. BUCKLIN, *Justice of the Peace.*"

The following affidavit was indorsed upon the petition:

"STATE OF NEW YORK, } *ss.:*
    CATTARAUGUS COUNTY,   }

" I, Abner N. Flint, the within named petitioner, do swear that the petition and account of my estate, and of the charges therein, hereto annexed, are, in all respects, just and true, and that I have not, at any time, or in any manner, disposed of, or made over, any part of my property, with a view to the future benefit of myself or my family, or with an intent to injure or defraud any of my creditors.

"A. N. FLINT.

"Sworn before me, this 13th }
    day of March, 1869.    }

" F. BUCKLIN, *Justice of the Peace.*"

Upon said petition the following order was issued:

" At an adjourned term of the County Court, held in and for the county of Cattaraugus, on the 30th day of March, 1869, at the court-house in Little Valley: Present—Hon. R. LAMB, county judge.

" March 30, 1869. In the matter of Abner N. Flint, an imprisoned debtor.

" On reading and filing the petition of the above named Abner N. Flint, praying for an order that the said Abner N. Flint be discharged from imprisonment upon two executions issued out of the Supreme Court in actions wherein Richard

Bullymore and Cyrus B. Salisbury were respectively plain-
tiffs, and Abner N. Flint and Norman Bullock were defend-
ants, which judgments were entered as follows, in the clerk's
office of Cattaraugus county, the one in favor of Richard
Bullymore on the 18th day of November, 1868, and the one
in favor of Cyrus B. Salisbury on the 23d day of October,
1868, and on reading and filing the inventory or schedule
annexed to said petitions, and the affidavits of the said Abner
N. Flint thereto annexed, that the said inventory contained a
just and true schedule of all the said Flint's property, either
in law or equity, and all securities, choses in action, or pro-
perty of whatever name or nature, and that the said Flint has
not disposed of any of his property, at any time, with a view
to hinder, cheat, or delay or defraud his creditors, and on
filing due proof of personal service of a copy of the petitions,
affidavits, inventory and notice of motions upon the respec-
tive attorneys of the said plaintiff for the plaintiffs in the said
judgments and executions, fourteen days previous to the
hearing thereof, and the said Abner N. Flint being brought
before the court personally, on motion of William Manly, of
counsel for the petitioner, it is ordered that the said peti-
tioner, Abner N. Flint, be and he hereby is discharged from
his imprisonment under and in pursuance of the executions
aforesaid.

" A. H. HOWE, *Dep. Clerk.*"

The order for the discharge of Bullock is similar.

These orders were served upon defendant, who thereupon
discharged the prisoners.

*D. H. Bolles,* for appellant.   If the county court acquired
preliminary jurisdiction, it is sufficient even if orders failed
to show it.   (*Horton* v. *Audinwood,* 7 Wend., 200; *Stanton*
v. *Shell,* 3 Sand., 323.)   The petition of Flint states he has
no property.   Even if false, it was conclusive upon question of
jurisdiction. (*Porter* v. *Purdy,* 29 N. Y., 106, and cases cited;
*Betts* v. *Bagley,* 12 Pick, 572.)   The action of the court was
judicial and cannot be reviewed in this action.   (*Skinmont*

*v. Kelley*, 18 N. Y., 355; *Rusher* v. *Sherman*, 28 Barb., 416; *Van Alstyne* v. *Erwine*, 11 N. Y., 331; *Sandt* v. *Hilts*, 19 Barb., 283.) A liberal rule of construction should prevail upon question of jurisdiction. (*Rusher* v. *Sherman*, 28 Barb., 416; *Van Alstyne* v. *Sherwin*, 11 N. Y., 331.) The court had the right to act upon presumption, that the condition before arrest existed at the time of arrest. (*Barnes* v. *Harris*, 4 N. Y., 374; *Reno* v. *Pindar*, 20 id., 298; *Hoose* v. *Sherrill*, 16 Wend., 34; *Bromley* v. *Smith*, 2 Hill, 517.) Every reasonable presumption is in favor of the existence of a jurisdictional fact. (*Barnes* v. *Harris*, *supra*; *Reno* v. *Pindar*, *supra*; *Hoose* v. *Sherrill*, *supra*; *Bromley* v. *Smith*, *supra*; *Schermerhorn* v. *Talman*, 14 N. Y., 93; *Salters* v. *Thomas*, 3 Pai., 338, 346; *Roosevelt* v. *Kellogg*, 20 Johns., 208; *Hart* v. *Dubois*, 20 Wend., 233.) The order was a perfect justification, although county court had no jurisdiction. (*Cantillon* v. *Graves*, 8 Johns., 472; *Yates* v. *People*, 6 id., 335; *Cable* v. *Cooper*, Spencer's opinion, 15 id., 157; *Sabacool* v. *Boughton*, 5 Wend., 170; *McGuinty* v. *Herrick*, id., 241; *Horton* v. *Hendershot*, 1 Hill, 118; *Wiles* v. *Brown*, 3 Barb., 37; *Shaw* v. *Davis*, 55 id., 389; *Chegary* v. *Jenkins*, 5 N. Y., 376; *Hutchinson* v. *Brand*, 9 N. Y., 208; *Porter* v. *Purdy*, 29 id., 106; *Webber* v. *Gay*, 24 Wend., 485; *People* v. *Warren*, 5 Hill, 440.) The order need only state, in general terms, the steps necessary to give preliminary jurisdiction. (*Salter* v. *Tobias*, 3 Paige, 338; *Frary* v. *Dakin*, 7 John., 75; *Service* v. *Hermance*, 1 id., 91; *Roosevelt* v. *Kellogg*, 20 id., 207.)

*B. H. Austin, Jr.*, for respondent. The orders discharging Flint and Bullock were void. (*Browne* v. *Bradley*, 5 Abb., 141–144; *People* v. *Brandon*, 1 Seld., 106, 124; *Stanton* v. *Ellis*, 2 Ker., 575; *Hale* v. *Sweet*, 40 N. Y., 97; 2 Story, Circuit Court R., pp., 360, 362; *Fisher et al.* v. *Currier*, 7 Metcalf, 424, 427; In the matter of *Grant*, 2 Story, 312, 310; Hilliard on Bankruptcy, p. 169.) The orders are fatally defective, and do not protect defendant. (*Frees* v.

*Ford*, 2 Seld., 176–178 ; Cow. & Hill's notes, pp. 946, 1013, in the matter of Mount Morris Square, 2 Hill, 14, 19 ; *Embury* v. *Connor*, 3 Com., 511, 523 ; *Denning* v. *Corwin*, 11 Wend., 647–653 ; *Chegary* v. *Jenkins*, 1 Selden, 377–381; *Bush* v. *Pettibone*, 5 Barb., 273–276, 277 ; same case, 4 Com. p. 300 ; *Bloom* v. *Burdick*, 1 Hill, pp. 130–139–141 ; *Bennett* v. *Burch*, 1 Denio, 141–145–146 ; *Castellano* v. *Jones*, 1 Seld., 164–171 ; 12 Mass., 319 ; *Wise* v. *Withers*, 3 Cranch, 331 ; *Suydam and Wyckoff* v. *Keyes*, 13 John. R., pp. 443–446 ; *Brown* v. *Compton*, 8 Term R., p. 425 ; *Cable* v. *Cooper*, 15 John. R., pp. 152–154–155 ; *Van Slyck* v. *Taylor*, 9 John. R., p. 146 ; *Jackson* v. *Smith*, Sh'ff., 5 John. R., p. 115 ; *Crepp* v. *Durden et al.*, Cowp. R., p. 640 ; *Smith* v. *Shaw*, 12 John. R., pp. 257, 265 ; See also Crocker on Sh'ffs, p. 249, § 587.)

FOLGER, J. The County Court had jurisdiction of the general subject-matter, in which these orders of discharge were issued, and they were in substance and effect such as it was authorized to make. (*Hart* v. *Dubois*, 20 Wend., 236 ; 2 R. S., 31, § 1, *et seq.* ; Laws of 1847, chap. 280, p. 369, § 29, judiciary act.)

The sheriff, the defendant in this case, could defend himself by virtue of these orders, if he could show further, that the County Court had jurisdiction of the parties to the controversy, upon whom the orders were to operate ; or if the orders on their face, are such as the court could make for his guidance and control, he could justify under them alone, without showing that, in fact, jurisdiction had been acquired by the court in the particular cases. (*Bennett* v. *Burch*, 1 Denio, 141.)

We do not yield to the proposition of the appellant, that the orders are sufficient, if they contain simply the direction of the court in writing, awarding the debtor's discharge from imprisonment, in addition to a designation of the person and of the subject-matter to which they relate. A designation of the subject-matter, is necessary to show that it is within the

general jurisdiction of the court. But as the court has not the particular jurisdiction of the person and the especial case, until certain steps are taken to that end, just as necessary is it that those steps be designated, to show that the person and the case has come under the particular jurisdiction of the court. And so we read *Bennett* v. *Burch* (*supra*), that not only must the order show, that it is in a matter over which the court or officer has general jurisdiction, but this being shown, other facts must be alleged, showing that the particular persons and case involved in that matter have, by certain proceedings, become subject to the jurisdiction of the court or officer in that instance. There must concur to make the order valid in fact, both the jurisdiction generally of the subject-matter and the jurisdiction of the person and the individual case, acquired by especial proceedings to that end. Both must be shown to establish jurisdiction. And if, without showing upon the trial facts to establish jurisdiction, the order alone is relied upon for a defence or justification, then the order must contain allegations of such facts. The sheriff would not have been justified, in releasing the judgment debtors upon an order of discharge made by a surrogate or a coroner, because he was bound to know that the law gave no jurisdiction of such a matter to either of those officers. He was equally bound to know that the law gave no jurisdiction to a County Court, to discharge a debtor held in execution, until certain prerequisites had been observed in that particular case, on the part of each particular debtor, in the matter of his discharge from imprisonment. If he chose to rely upon his ability to show before a tribunal, that such prerequisites had been fully complied with, perhaps he might comply with an order of discharge, which was the simple direction of the court in writing awarding the debtor's discharge. But if he wishes to avail himself of the protection of the order alone, he must see to it, that it contained sufficient allegations of all the facts which must exist, to confer general and special jurisdiction. The recitals are not necessary to the validity of the order. That is valid if the facts exist which make it so, not

withstanding they are not recited in it. But if the order is relied upon, without proof *aliunde* of the facts needful to jurisdiction, there must be in it ample allegations thereof. *Hart* v. *Dubois* (20 Wend., 236), cited by the appellant, does not seem to be adverse to these views. In that case the court claims the order to be regular on its face, and asserts, that the court did not lack jurisdiction for the reason, that the provision of the statute as to length of notice which was not observed, being for the benefit of the creditor, might have been waived by him, and it would be intended that he did waive it. The court also says, which is very significant, " of itself (*i. e.*, the order) it is not denied to have been a complete protection." And the statement of the case, shows that the order was made, " upon his petition and compliance with the requirements of the statute." The question in that case seems to have been, whether knowledge acquired by the sheriff, apart from the papers on which he justified, would render him liable. It is held that it will not, in that case, and in *The People* v. *Warren* (5 Hill, 440).

If the orders in this case do not state facts, which if existing, gave general and special jurisdiction, then they did not *per se* protect the sheriff.

The statute (2 R. S., p. 32, §§ 1, 3, 4, 5, 6), shows, that the court does not obtain jurisdiction of the parties to the controversey, upon whom the orders are to operate, until the presentation to it of a petition for discharge from imprisonment, which must set forth the cause of the imprisonment, and of a just and true account of all the petitioner's estate, real and personal, in law and equity, and of all charges affecting the same, both as such estate and charges existed at the time of the imprisonment; and as they exist at the time of preparing the petition, together with a full and true account of all deeds, securities, books, and writings whatever, relating to the said estate, and the charges thereon, with the names and places of abode of the witnesses to such deeds, securities, and writings, and due proof of the service of the same upon the creditors, at whose suit the petitioner is imprisoned, their

personal representatives or their attorney. The statute also requires, that at the time of presenting such petition, an affidavit, in a prescribed form, should be indorsed upon the petition and should be sworn to by the applicant. (Id., p. 32, § 5.)

The appellant insists, that this affidavit need not be presented to the court, at the time of presenting the petition and account, as one of the prerequisites to jurisdiction of the case. The force of his argument, if admitted, would compel to the conclusion, that though no affidavit be ever indorsed upon the petition, the omission would not debar of jurisdiction. We cannot assent to this. The fifth section of the statute is imperative, that the affidavit shall be indorsed on the petition at the time of the presentation of it. The sixth section, upon the presentation of the petition and account, authorizes the court to take action. But the command of the fifth section, that the affidavit shall be indorsed at that time, is laid as much upon the court as upon the petitioner; and the court gets no authority to initiate action with a disobedience of that command. The two sections go together, and require that not only shall the petition and account be presented, but that they shall be verified; and a petition and account not verified is, for the purpose of the statute, no petition and account. An object of the statute is, to search the conscience of the petitioner at the outset of the proceedings. And hence, it has, with minuteness, specified the statement he shall make in his account, and has prescribed not only the substance of the matter to which he shall make affidavit, but the very form of words in which it shall be framed. This cannot be dispensed with or postponed, and the court have power to proceed. At no time after the presentation of the petition can the affidavit be indorsed and sworn to, and the demand of the statute be answered. Unless then it is admitted, that the court can acquire the power of proceeding upon an unverified petition and account, it fails to acquire jurisdiction, without the affidavit accompanies the petition at the time of presentation. And when section six, on the presentation of

*such petition* confers jurisdiction, the force of the particle,
" such," is not confined, as is claimed by the appellant, to the
petition, as it is mentioned in sections one and two ; and
though the words " such petition " occur in successive sections,
in each section they mean that petition which, to be complete,
must concord with the requirements of all the sections.
Hence, " such petitions " is a petition containing all that is
required by sections one and two in the case, there provided
for, and by section four, and having the affidavit indorsed
upon it and sworn to, which is required by section five.

There is a difference in phraseology, as noticed by the appel-
lant, in the different articles of this title of the Revised
Statutes. In some of them the sections which speak of the
papers to be presented to the court or officer, do name the
affidavit, and in some (as in this article) they do not. We
do not reason from this difference (as does the appellant), that
in some cases the affidavit is a needful paper to confer juris-
diction, and in some it is not. We find throughout the title,
in all its articles, the requirement of an affidavit verifying the
contents of the petition. There is no permission, that such
verification may come after the presentation of the papers to
the tribunal. On the contrary, it is plain that it must precede
or accompany it, and that the petition, without which the
court or officer cannot act, must be a petition sanctioned by
the oath of the applicant. We can but think that not only a
petition, but a verified petition, is necessary to give the tribu-
nal jurisdiction.

Upon reading the orders of discharge, it is seen that they
recite the reading and filing of the petition (and that is a pre-
sentation of it), praying a discharge from imprisonment ; that
the petition sets forth the cause of imprisonment, the pre-
sentation of an inventory or schedule annexed to the petition,
and an affidavit of the petitioner thereto annexed, that the
inventory contains a just and true schedule of all the peti-
tioner's property either in law or equity, and that the peti-
tioner has not disposed of any of his property at any time,
with a view to hinder, cheat, delay or defraud his creditors,

and that due proof was made of due service of copy, petition, inventory, affidavit, and notice.

The orders do not show the presentation of such an account as is demanded by the statute. It requires an account of real and personal estate, as it existed at the time of the arrest, as well as at the time of preparing the petition. The order does not allege such an account. And that it should show this, is a requisite of jurisdiction. (*The People ex rel.* v. *Bancker*, 5 N. Y., 106.) We consider the statute imperative, that the papers presented to the court shall conform with exactness to its provisions. It is matter necessary to the jurisdiction of the court, not only that a petition and account should be presented to it, but that they shall be the very petition and account specified. And if it is jurisdictional that such an account be presented, it is an omission from the orders of an allegation of a fact, necessary to show jurisdiction, when the order states the presentation of an account which does not comprehend that.

Again, the statement in the order, of the affidavit of the petitioner, does not show it to be such as the statute requires. It omits to state that the petitioner made affidavit, that he has not disposed of or made over any of his property for the benefit of himself or his family.

It follows, that the orders alone were not a protection to the defendant.

Did the defendant show upon the trial, that the papers presented to the court met the requirements of the statute, and gave to it jurisdiction?

The petition of Bullock does, in its contents, conform to the statute. It sets forth the cause of imprisonment. It describes the account annexed to it in the very language of the statute. The account annexed purports and seems to be all that the statute requires. The affidavit, in its form and contents, conforms with exactness to the requirements of section 5 above quoted.

The affidavit to the petition was sworn to before its presentation to the County Court. It was sworn to on the 17th

February, 1869. It was not presented until the 5th March, 1869. It is objected to its sufficiency, that it should have been sworn to on the day and at the time of its presentation. As there are other questions as to the proceeding in these cases, which are decisive of this appeal, it is not necessary that we pass upon that question.

The petition of Flint does not, in its contents, so far as they relate to an account of his estate, conform to the statute. It does not have annexed to it any account. Therefore, the allegations of the petition are meant to take the place of an account; and it is claimed that they are sufficient for that purpose. Those allegations are the general one, that the petitioner has (that is, at the time of preparing his petition, has) no property whatever, real or personal, either in law or equity, wherewith to make an account. This would probably suffice for that requirement of the statute, that he shall annex to his petition a just and true account of all his estate, etc., as the same exists at the time of preparing the petition. But it does not meet the requirement of the statute for an account thereof, as they existed at the time of his imprisonment. This is a requirement, the observance of which is necessary to confer jurisdiction. (*People ex rel.* v. *Bancker, supra.*) The appellant questions the pertinency in this case of the authority last cited. His criticism is, that it was a case on certiorari, in which the validity of the discharge was directly in question, and not where it is collaterally attacked, as in the case at bar. But the inquiry was there, as here, did the tribunal fail to obtain jurisdiction, by reason of the want of an account, which met the requirement of the statute, of the estate of the petitioner at the time of arrest? It was the same question, though arising in a different form. It was there held that the presentation of such an account was a jurisdictional necessity. And that ruling is an authority in this case. But it is claimed by the appellant, that there is other matter in the petition, which supplies any defect in the allegation above noticed. The petition alleges, that prior to the rendition of the judgment, in execution of which he was

arrested, he filed his petition in bankruptcy, and on the 24th June, 1868, was declared and adjudged a bankrupt, and on the 10th August, 1868, an assignee of all his property for the benefit of his creditors was appointed. It does not allege any subsequent proceedings, but states that proceedings are still pending. It is argued that the assignee in bankruptcy, by virtue of the bankrupt act, became vested with the title to all the estate and property of the bankrupt (U. S. Stat. at Large, vol. 14, p. 522, § 14; Laws of U. S., 1867, chap. 176); and that therefore, the allegation of his appointment, is equivalent to an allegation, that Flint had no estate at the time of his arrest of which to make an account. But there are difficulties with this position. 1st. The assignee did not, in any event, become vested with the title to *all* the bankrupt's property, for the act exempted furniture and other necessary articles and such as the assignee should set apart, not to exceed $500, the wearing apparel of the bankrupt, his wife and children, his uniform, arms and equipment, if then or before a soldier in the militia, and all property exempt from execution by the laws of the State. 2d. The assignee did not become vested with title, until an assignment had been executed to him, the language of the act being, "the judge or * * * register shall, by instrument under his hand, assign and convey to the assignee all the estate * * * of the bankrupt * * * thereupon, by operation of law, the title to all such property * * * shall vest in said assignee;" and there is no allegation in the petition of the making of such assignment. 3d. The petitioner, even if an assignment had been made, still had a contingent interest in the property assigned, and had the right to reclaim from the assignee any surplus remaining after the payment of debts and expenses. For, though there is no express provision to that effect in the bankrupt act, yet by the force of general principles, the assignee would hold any remaining surplus as a trustee for the bankrupt, and be compelled to account. So that the mere statement of the proceedings in bankruptcy, as contained in the petition of Flint, was not a compliance with the requirement

of the statute, that the papers should contain a just and true account of his estate, as it existed at the time of his imprisonment.

The affidavit to the petition of Flint was sworn to, also, on a day (13th March, 1869) prior to the day (30th March, 1869), of its presentation to the county court.

But as by the other defects in the papers presented to the County Court on behalf of Flint, that court failed to obtain jurisdiction of the proceedings for his discharge, and as the sheriff, the defendant, is liable to the plaintiff as for an escape, for his act in releasing Flint from imprisonment on the void order of discharge made in his case, and as that is sufficient to enable the plaintiff to maintain his action against the defendant, it is not necessary that we inquire whether the fifth section of the statute requires, that the affidavit shall be sworn to at the time of presenting the papers to the court, and not before. So that, without deciding whether the court failed to acquire jurisdiction in the case of Bullock, having come to the conclusion that it did so fail in the case of Flint, they being defendants in the same judgment and execution of the plaintiff, we for that reason affirm the order of the court below, and give judgment absolute for respondent, with costs to the respondent.

All concur save ANDREWS, J., absent.

Judgment affirmed.