CATHARINE JOSUEZ *against* DANIEL A. MURPHY.

(Decided April 3d, 1876.)

Leave to go to the Court of Appeals will not be granted, even where there is a diversity of opinion and practice upon certain points raised upon the appeal, if the decision of those points was not necessary to its determination (although passed upon by the court), and the decision was placed upon a ground that had been passed upon by the Court of Appeals in a reported and well known case.

MOTION for leave to go to the Court of Appeals.

The decision of this court, which it was desired to review in the Court of Appeals, is reported *ante*, p. 324, where the facts of the case are stated.

*Edward P. Wilder*, for the motion.

*Samuel G. Courtney*, opposed.

VAN HOESEN, ·J.—The appellant founds her application for leave to go to the Court of Appeals upon the ground that there exists a diversity of opinion and practice as to the proper form ·of the order of arrest provided for by subd. 3 of sec. 179 of the

Josuez v. Murphy.

Code—the Supreme Court having held that an order of arrest in the ordinary form should be issued, whilst the Superior Court has decided that the order should be special, and should direct the sheriff to exact from the defendant an undertaking conformable to sec. 211 of the Code. A sufficient answer to the application is found in the fact that neither in this court, nor in the court below, did the case turn upon the form of the order of arrest. To be sure, Judge ROBINSON, who delivered the opinion of this court, approved the form of the order of arrest which has been sanctioned by the Superior Court; but the decision of the case was put upon the same ground on which the judge at the trial dismissed the complaint—the failure of the plaintiff to prove facts sufficient to constitute a cause of action.

The complaint showed, upon its face, that the affidavit upon which the order of arrest was obtained was fatally defective, it not containing any allegation that the property in controversy had been removed with intent to deprive the plaintiff of the benefit of it, or with intent to prevent the city marshal from finding or taking it. Upon the authority of *Bullymore* v. *Cooper* (46 N. Y. 236), the court decided that the marshal was not bound to execute the order of arrest, nor liable to the plaintiff for any neglect or omission in the attempt to execute it.

The appellant does not question the correctness of that decision. If it be conceded that the marshal was under no obligation to execute the order of arrest, the form of that process is a matter of no importance.

The application should be denied.

CHARLES P. DALY, Ch. J., and JOSEPH F. DALY, J., concurred.

Application denied.