EDWARD S. LOOP, RESPONDENT, *v.* JAY GOULD, APPELLANT.

*Foreign judgment — what credit is to be given to it — all the prerequisites to the court's jurisdiction must appear by proof or recitals.*

In this action, brought upon a judgment recovered against the defendant by a Pennsylvania corporation, in an action brought in a court of that State, the plaintiff claimed title to the judgment by virtue of an assignment from one who had been appointed a sequestrator of the property of the corporation by a court of general jurisdiction in that State.

Under the statute of Pennsylvania no power exists in the court to appoint a sequestrator of corporate property, until an execution has been issued upon the judgment against the corporation and returned unsatisfied in whole or in part.

The recovery of the judgment against the corporation was proved, but the record of the appointment of the sequestrator contained no recitals showing the issue of any execution upon the judgment, nor was its issue proved upon the trial.

*Held,* that in the absence of such recitals and proof no power was shown in the court to appoint the sequestrator, and that the plaintiff, having failed to show title to the judgment in his assignor, could not recover.

APPEAL from a judgment in favor of the plaintiff, entered on a verdict directed by the court at circuit.

*Vanderpoel, Green & Cumming,* for the appellant.

*Henry J. Scudder* and *Henry D. Hotchkiss,* for the respondent.

PER CURIAM:

This action is upon a judgment recovered by The Lehigh and Delaware Plank Road or Turnpike Company against the appellant, impleaded with one David W. Lee, on the 7th of March, 1861, in the Court of Common Pleas of Monroe county, Pennsylvania. It was shown on the trial that the court in which the judgment was recovered is one of general jurisdiction in and for the county of Monroe, in the State of Pennsylvania, and that the Lehigh and Delaware Plank Road or Turnpike Company was a corporation duly created by the laws of that State. The plaintiff claims title to the judgment under an assignment made by one Orestes Collins as sequestrator, bearing date April 8, 1865, and acknowledged on the

28th day of December, 1878. To show title to the judgment in plaintiff's assignor, a judgment recovered by one Jacob Koon against the Lehigh and Delaware Plank Road or Turnpike Company, in the Court of Common Pleas of Luzerne county, Pennsylvania, on the 15th of January, 1861, for the sum of $5,300, was proved by the exemplified copies of the record and proceedings in the action. The record contains recitals showing that on the 1st of April, 1861, the court granted a rule to show cause why a sequestrator should not be appointed, returnable on the tenth of April following, and that on the eleventh of April following, the court on motion appointed Stiles Williams sequestrator; that on the 19th of October, 1861, the court, on the application of Stiles Williams, discharged him from the office of sequestrator and directed that he hand over his accounts and documents to his successor to be appointed by the court, and that on the 28th of October, 1861, the court appointed Orestes Collins sequestrator in place of Stiles Williams resigned and directed that all books, notes and accounts of the company be handed over to said Orestes Collins on his filing his bond, etc. On the same day Collins filed his bond and became sequestrator under his appointment. It nowhere appears in the record that any execution had been issued upon the judgment against the company and returned unsatisfied, nor was the issuing and return of execution shown in any other manner.

The statute of Pennsylvania conferring power upon the courts to appoint sequestrators after judgment against a corporation was put in evidence as follows:

"SECTION 43. In every case in which judgment shall have been obtained against such corporation, except as aforesaid, and an execution issued thereon shall have been returned unsatisfied in whole or in part, it shall be lawful for the court in which such judgment shall have been obtained, upon the bill of petition of the plaintiff in such judgment, to award a writ to sequester the goods, chattels and credits, rents, issues and profits, tolls and receipts from any road, canal, bridge or other work, property or estate of such corporation."

"SECTION 46. The court shall, upon the awarding any such writ, appoint a sequestor to execute the same, and to take charge of the property and funds," etc.

It is very clear, from the provisions of these statutes, that no power exists in the court to appoint a sequestor of corporation property, until an execution shall have been issued upon the judgment against the corporation, and returned unsatisfied in whole or in part; and it is insisted on behalf of the appellant that it must affirmatively appear by the record, or be shown by proof *aliunde,* that such execution was issued and returned, and that in the absence of such appearance and proof in this case, the plaintiff has failed to show title to the judgment in the sequestrator from whom he derives title. The prothonotary of the court certifies that the exemplification produced contains the whole of the record of the proceedings in the case.

Under the Constitution of the United States we are to give full faith and credit to the judgments of the courts of other States, and under this requirement we must hold that the judgment was duly and lawfully recovered. The court being shown to be one of general jurisdiction, everything essential to uphold the validity of the judgment is to be presumed. But in this case the question is not one affecting the validity of the judgment, but of proceedings subsequent to its recovery, occurring in the efforts to enforce the judgment. We cannot take judicial notice that an execution was ever issued, nor that other steps were taken toward enforcing it, nor, as the rule is settled in this State, are we to presume from the production of an order of the court, which could only lawfully be made after other steps had been taken, that such steps were taken, in the absence of any recital to that effect, or of any affirmative proof. It would doubtless be our duty to give full force and credit to recitals contained in the record or order, showing that the order was made upon due proof, or upon its appearing to the court that such steps had been taken. The proceedings to sequestrate the property of the corporation were special proceedings, based in part upon the judgment and in part upon other subsequently occurring facts which were made by the statute essential to the exercise of such power. If those facts did not exist at all the order of sequestration would be utterly invalid, and if there be no recital of their existence in the order or in the record of the proceedings, there is nothing to uphold the order, unless it be averred and shown by satisfactory proof that they in fact existed. This rule is established or recog-

nized by *Bullymore* v. *Cooper* (46 N. Y., 236); *Staples* v. *Fairchild* (3 id., 41); *Stanton* v. *Ellis* (12 id., 575); *People ex rel. Gambling* v. *Board of Police* (6 Abb., 162). The court of general jurisdiction in such a case derives its power from the statute, and the statute in express terms makes its exercise dependent upon certain specified facts; those facts must appear or be shown to have in fact existed. The courts will not presume their existence from mere evidence that the court in which the judgment was recovered made the order of sequestration.

We think, therefore, that the point urged by counsel for appellant is well taken, and that the judgment must be reversed and a new trial ordered.

The judgment on which the action in this case is brought is a stale one recovered some twenty years ago and the record shows that a levy was made upon a large amount of property soon after its recovery. What became of that property or of the levy nowhere appears. The assignment of the judgment bears date in 1865, but it was not acknowledged until 1878, thirteen years after its date. Under the circumstances the presumption of satisfaction of the judgment by the levy on property, when connected with the great delay in seeking to enforce the judgment, might well excite suspicion of the justice of the claim. We do not feel ourselves called upon in such a case to disregard the point raised by the appellant's counsel, on the ground that it was not more specifically pointed out on the trial.

Judgment reversed, new trial ordered, costs to await events.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Judgment reversed, new trial ordered, costs to abide event.