---

(13 Misc. Rep. 408.)

### PEOPLE v. DAUFKIRCH.

(Court of Sessions, Queens County. June, 1895.)

Appeal from police justice of Newtown.

Henry Daufkirch appeals from a judgment of conviction. Reversed.

---

(25 Civ. Proc. R. 71; 13 Misc. Rep. 363.)

### In re GREGORY'S ESTATE.

(Surrogate's Court, Otsego County. June, 1895.)

1. ADOPTION—SUFFICIENCY OF PAPERS.
    The adoption of an illegitimate child by her father is not invalid merely because it does not appear on the face of the adoption papers that she is his illegitimate child.

2. SURROGATE'S COURT—JURISDICTION OF PARTY—WAIVER OF CITATION.
    Code Civ. Proc. § 2517, provides that the presentation of a petition to a surrogate's court shall be deemed the commencement of a special proceeding, provided a citation is issued thereon, and served within 60 days thereafter. Section 2528 provides that the appearance of a party against whom a citation has been issued has the same effect as the appearance of a party in an action in the supreme court. Section 2532 provides that proof of service of a citation shall be made by affidavit, or by a written admission, signed by the party, with proof, by affidavit or otherwise, of the genuineness of his signature. *Held*, that on a proceeding to probate a will jurisdiction of a party cannot be acquired by his written waiver of the issuance and service of a citation with a consent that the will be probated without further notice to him.

Proceeding by Jeanne Marie Nellie Genin Gregory to vacate a decree admitting to probate the will of Nelson B. Gregory. Decree vacated.

Charles T. Brewer, as special guardian and attorney (E. R. Olcott, of counsel), for petitioner.

D. P. Loomis (E. D. Wagner, of counsel), for respondents.

ARNOLD, S. This is a proceeding to open, vacate, and set aside a decree of the Otsego county surrogate's court, entered October 16, 1894, admitting to probate as the last will and testament of Nelson B. Gregory, deceased, a paper writing, dated June 27, 1889, on the ground that the only heir at law and next of kin of said Nelson B. Gregory, deceased, was not cited in the proceedings for probate. Nelson B. Gregory was never married. For a number of years he lived in France. While a resident of France he lived and cohabited with a woman by whom he had six children, among them the petitioner in this proceeding. About 1878 he returned to the United States, and became a resident of the town of Unadilla, county of Otsego, N. Y., of which place he remained a resident down to the time of his death. The petitioner herein claims to be the legally adopted daughter of said Nelson B. Gregory, and, as such adopted daughter, that she is his only heir at law and next of kin. Respondents claim that she was never legally adopted. They base this claim on the fact that it does not appear in the adoption papers that said Jeanne Marie Nellie Genin Gregory was the illegitimate child of said Nelson B. Gregory. I do not think the point is well taken. Nelson B. Gregory was the natural father of the child he was seeking to adopt. He was never married. Jeanne Marie Genin was the mother of this child. She resided in Lyons, France. The mother was never married. The child was illegitimate, and upwards of the age of 12 years. She had no general guardian, and was living with said Nelson B. Gregory at the time of the adoption. All that was necessary for adoption, under these circumstances, was (1) the consent of the child; (2) the consent of the mother, signed, duly acknowledged, and certified in the manner required for conveyance of real estate to entitle it to record; (3) the appearance of Nelson B. Gregory and the child before the county judge of Otsego county for the execution of the agreement to adopt, and for the examination of the said Nelson B. Gregory and the child separately; (4) if satisfied that the moral and temporal interests of the child would be promoted by adoption, the making of the order by the county judge, directing that said child should thenceforth be treated and regarded in all respects as the child of said Nelson B. Gregory. All of this was duly done, and on his examination said Nelson B. Gregory stated that this child was his natural daughter. It was not necessary that it should appear upon the face of the adoption papers that she was an illegitimate child. I take it that all of these requirements of the statute were intended for the protection of the child, and of the persons sustaining to the child the legal relations of parent, guardian, or protector.

In this proceeding it is the duty of the court to place the petitioner in the same position, and give her the same rights, as those to which she was entitled before the petition for the probate of this

alleged last will and testament was presented to the court. At the time the petition for probate was presented, the petitioner had full knowledge of the adoption proceedings, and it was his duty and the duty of the attorney who prepared the petition, and who also had knowledge of the facts, to have set forth in the petition that this child was alleged to be the adopted daughter of the decedent. They had no right to pass upon these adoption papers judicially, and hold, for the purpose of subserving their own ends, that she was not a legally adopted child, and was, therefore, not entitled to be cited in the proceedings for the probate of the alleged will. That was a matter for the court to determine in a proper proceeding. The statute relating to the adoption of children provides that the child, when adopted, shall take the name of the person adopting, and the two thenceforth shall sustain towards each other the relation of parent and child, and have all the rights, and be subject to all the duties, of that relation. Laws 1887, c. 703, § 10. The Code of Civil Procedure provides that upon the presentation of the petition for the probate of a will the surrogate must issue a citation, if the will relates to both real and personal property, to the husband or wife, if any, and to the heirs and all the next of kin of the testator. At the time this petition was presented to the surrogate this child was, apparently, the only heir at law and next of kin of the testator, and the only person required under the Code to be cited in that proceeding. While she may not have any rights in the property of the testator, she is entitled to her day in court for the purpose of cross-examining the subscribing witnesses to the will, and for the purpose of having her rights judicially determined.

It is further claimed by the respondents that, if this decree is to be opened, it should be opened only as to the petitioner, and should stand so far as it relates to the other parties, and that the letters issued on said will should remain in full force and effect, pending further proceedings. The petition for the probate of the will named the brothers and sisters and some nephews and nieces as the only heirs at law and next of kin of the decedent. A citation was issued thereupon to these persons, but this citation was never served. Before the return day thereof the petitioner appeared in surrogate's court with written waivers from all persons named in the citation, whereby they waived the issuance and service of a citation, and whereby they attempted personally to appear in the surrogate's court, and consented that said will be admitted to probate, and letters issued thereon without further notice to them. Four of the persons executing these waivers were nonresidents. If the view taken above is correct, none of them were necessary parties in proceedings to probate the will, and the decree should be wholly set aside. But, supposing them to be necessary parties, should the decree as to them be allowed to stand? Section 2516 of the Code of Civil Procedure provides:

"Except in a case where it is otherwise specially prescribed by law, a special proceeding in a surrogate's court must be commenced by the service of a citation, issued upon the presentation of a petition."

Section 2614 provides that:

"A person designated in a will as executor, devisee or legatee, or any other person interested in the estate, or a creditor of the decedent, may present to the surrogate's court having jurisdiction a written petition, duly verified, describing the will, setting forth the facts upon which the jurisdiction of the court to grant probate depends, and praying that the will may be proved, and that the persons specified in the next section may be cited to attend the probate thereof. Upon the presentation of such a petition the surrogate must issue a citation accordingly."

Section 2615 provides that:

"The following persons must be cited upon a petition presented as prescribed in the last section: (1) If the will relates exclusively to real property, the husband or wife, if any, and all the heirs of the testator; (2) if the will relates exclusively to personal property, the husband or wife, if any, and all the next of kin of the testator; (3) if the will relates to both real and personal property, the husband or wife, if any, and all the heirs and next of kin of the testator."

Section 2517 provides that:

"The presentation of a petition is deemed the commencement of a special proceeding within the meaning of any provision of this act which limits the time for the commencement thereof. But in order to entitle the petitioner to the benefit of this section a citation issued upon the presentation of the petition must, within sixty days thereafter, be served as prescribed in section two thousand five hundred and twenty of this act."

Section 2520 provides how a citation must be served within the state, and it also provides that, in case the person to be served is an adult, and is not incompetent, he may assent in writing to the service within a shorter time than that fixed by the section. Sections 2522, 2524, and 2525 provide for service without the state. Section 2528 provides that the appearance of a party against whom a citation has been issued has the same effect as the appearance of a party in an action brought in the supreme court. Section 2532 provides how proof of a citation may be made. It must be made in the manner prescribed by law for proof of service of a summons issued out of the supreme court, or proof of service must be made by affidavit, or, where the person served is of full age, and not incompetent, by a written admission signed by him, accompanied with proof by affidavit or otherwise of the genuineness of his signature. These are the steps necessary to be taken in order for the surrogate to acquire jurisdiction of the persons of the necessary parties to the proceeding. In proceedings for probate it is nowhere "otherwise specially prescribed by law" that the surrogate may obtain jurisdiction in any other way. There are certain proceedings in the surrogate's court in which other methods are especially prescribed by law. For instance, in proceedings for administration. And although, prior to January 1, 1895, it had always been the practice in this county to accept these waivers in lieu of the issuance and service of a citation, I think the practice was wholly unwarranted. In proceedings affecting the title to real estate I think the practice was dangerous. While a party has the undoubted right to waive any of his rights, there is a broad distinction, it seems to me, between his power to waive his rights and his power to waive the express provisions of a

statute as to how a court shall obtain jurisdiction of a proceeding and of the persons of necessary parties thereto.

It follows from these views that the decree heretofore entered on the 16th day of October, 1894, admitting to probate the paper writing purporting to be the last will and testament of Nelson B. Gregory, should be opened, vacated, and set aside.　Decreed accordingly.