(40 App. Div. 539.)

## SEWARD v. WALES.

(Supreme Court, Appellate Division, Third Department. May 3, 1899.)

1. SHERIFFS—DISCHARGE OF IMPRISONED DEBTOR—JUSTIFICATION.

Where a sheriff would justify the discharge of an imprisoned debtor under an order of court, all of the facts necessary to confer jurisdiction on the court to make the order must be recited in it, or else they must be shown by him, aliunde the order, to have in fact existed.

2. EXECUTION AGAINST THE PERSON—DISCHARGE—SCHEDULE OF PROPERTY.

The recitation, in an order to discharge an imprisoned debtor, that a petition was filed in court, is not equivalent to a statement that the schedule of all his property and all charges thereon, which Code Civ. Proc. § 2203, requires to be annexed to the petition, was presented to the court.

3. SAME.

A statement, in a petition by an imprisoned judgment debtor for his discharge, that at the time of his arrest, and at all of the times thereafter, he has had no property not exempt by law from execution out of which a judgment could be satisfied, and that he is without means of paying the judgment, is not sufficient to dispense with the schedule, required by Code Civ. Proc. § 2203, "of all of his property," whether exempt or not, and of all charges affecting the same.

4. SAME.

A recital, in an order to discharge an imprisoned debtor, that it appeared on the examination that the debtor had no property whatever, will not cure the omission to present to the court the schedule of all of the debtor's property, and of all charges affecting the same, required by Code Civ. Proc. § 2203.

5. SAME—RIGHTS OF CREDITOR—WAIVER—DEFAULT.

A judgment creditor, served with notice that on a petition annexed thereto an imprisoned debtor will apply to the court for a discharge, waives none of his rights to attack the order by failing to appear, where the petition on its face is insufficient to give the court jurisdiction.

Herrick, J., dissenting.

Appeal from Broome county court.

Action by John H. Seward against Augustus G. Wales, sheriff of Broome county. From a judgment dismissing his complaint, plaintiff appeals. Reversed.

The plaintiff claims that he had recovered a judgment against one Legge for the sum of $312.95, upon which he had caused execution to be issued against the person; and that defendant, as sheriff, having arrested Legge thereon, and having him in his custody as an imprisoned debtor, subsequently unlawfully allowed him to go at large. The defense was that said Legge was discharged from such imprisonment by order of the Broome county court.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

T. B. Merchant, for appellant.
W. W. Newell, for respondent.

PARKER, P. J. The county court has authority to discharge an imprisoned debtor from arrest, but that authority is not appurtenant to its general jurisdiction. It is derived solely from the statute, which requires that certain proceedings shall be taken to warrant the granting of such an order. The order for discharge is

obtained, not in an action, but in a special proceeding; and it is necessary to its validity that all of such statutory requirements should have been taken. In Develin v. Cooper, 84 N. Y. 414, it is said, in a case similar to the one before us, that three things are needed to give jurisdiction: First, "power by law to act upon the general subject-matter"; second, "jurisdiction of the person of the particular insolvent"; and, third, "jurisdiction of the particular case." And, in order to obtain this last requirement, the opinion goes on to. state that the petition, the schedule, and the affidavit, in the forms prescribed by the statute, must be presented. See page 416. When a sheriff would justify the discharge of·an imprisoned debtor, he may not rely simply upon an order of court which merely directs that the debtor be discharged. He must make it appear that all the proceedings were taken which were required by statute to give jurisdiction in that particular case. If the order issued to him recite facts showing that such proceedings were taken, he may rely upon such recitals as proof thereof, and will be justified in acting, even though in fact they never had been taken. So, also, if the order contain no recitals whatever, but simply directs that the debtor be discharged, yet, if issued by a court upon which the law has conferred such general power, the sheriff may justify under it if he can prove, aliunde the order, that all such necessary prerequisites had been observed. In other words, all the facts necessary to· confer jurisdiction must be recited in the order, or else must be shown by the defendant to have in fact existed, in order to establish the justification which he has set up in this action. This rule is thoroughly and clearly established by the following cases: Bullymore v. Cooper, 46 N. Y. 236; Develin v. Cooper, 84 N. Y. 410; Shaffer v. Riseley, 114 N. Y. 26, 20 N. E. 630.

. .Let us apply this rule to the case before us. The order is issued by the county court of the county of Broome, and requires the sheriff of that county to discharge from arrest William S. Legge, an imprisoned debtor, then in his custody. Such order recites that a petition for his discharge had been presented to that court by said Legge, and also recites the statements contained in that petition sufficiently, perhaps, to show that it was such a one as is required by section 2202 of the Code of Civil Procedure. There is, however, no recitation that any schedule whatever was annexed to such petition, as required by section 2203, nor any affidavit, as required by section 2204. Neither is there a recitation in such order that there was any statement in the petition, or in any papers presented with it, showing facts which would excuse the presentment of such schedule and affidavit. It is suggested that the recitation in the order that a petition was filed is equivalent to the statement that the requisite schedule was also annexed. To this I cannot accede. The schedule is no part of the petition. It is a distinct paper. In section 2203 it is so considered,—one which must be annexed to the petition, and presented therewith. So, in sections 2204 and 2208, the petition and schedule are recognized and referred to as distinct papers. Clearly, a petition might be presented containing all that is required to be in the·petition, and yet the schedule be left off. In this case the order

assumes to give the substance of the petition, but makes no reference to any schedule annexed thereto. Upon its face, therefore, the order was no justification to the sheriff. It did not appear from it that the court had any jurisdiction to entertain the application, or to order the debtor discharged. On the contrary, if the sheriff was to assume that no more was done than was recited in the order, it would rather appear that the court did not have jurisdiction of this particular case, because both the requisite schedule and affidavit appeared to have been omitted.

But the sheriff was at liberty to prove on the trial that, as matter of fact, the requisite proceedings had been taken, although all were not recited in such order. Has he done so? One of the prerequisites to jurisdiction of this case was that a schedule, such as is specified in section 2203, and an affidavit, as required by section 2204, be annexed to the petition, and presented with it to the court. Until that was done, the court had no jurisdiction to entertain the application, or take the proofs which the parties might present to it. On the trial of this action the sheriff established the fact that the affidavit was so presented, but it was conceded that no schedule whatever was annexed to or presented with the petition. It was contended, however, that, in lieu of the required schedule, there was a statement in the petition that the debtor did not at the time of his arrest, nor at any time since, own any property whatever, and that, therefore, the schedule might properly be dispensed with. But the statement in the petition upon that subject is as follows:

"That said judgment debtor, at the time of said arrest, and at all of the time and times thereafter, has had no property not exempt by law from levy and sale under an execution, out of which a judgment for any amount can be satisfied, and is unable and without means of paying or satisfying said judgment in whole or in part."

The statute requires the schedule to contain a just and true account of all the debtor's property, and of all charges affecting the same, as they existed at the time he was first imprisoned, and also as they exist when the petition is prepared, etc. The account required to be given in the schedule is of all his property. The statement given in the petition is of such property only as is applicable to the satisfaction of a judgment. In the schedule, a statement of actual existing facts is required. All property is to be entered therein that the debtor owns, whether he claims it to be exempt or not, whether incumbered to its full value, and more, or not. In the petition the statement resolves itself into an opinion of the debtor that he has nothing which is properly applicable to the satisfaction of a judgment. Clearly, such a statement is not the equivalent of the account required to be furnished in the schedule, nor does it show that the debtor had no such property as is required to be stated in the schedule. If the debtor had personal or real property heavily incumbered by mortgage, he might be of the idea, and therefore state, that it was not property out of which a judgment could be satisfied. Yet the creditor would have the right to know what the property and incumbrance were, and to be his own judge of its value. Also the schedule would inform him just what property the debtor considered exempt. Under

the statement in the petition, the debtor fixes the matter to suit himself. I am clearly of the opinion that nothing appears in the petition to excuse the presentment with it of the required schedule, and that for such reason the county court had no authority to entertain the proceeding. It should have declined to file the petition until the proper schedule was also presented. For this reason this order was invalid. It was made by a court that was without jurisdiction to make it, and the defendant, therefore, has failed to show a justification under it.

It is further claimed that it is recited in the order that it appeared on the examination that the debtor had no property whatever, and that, therefore, the omission to present a schedule with the petition is cured. If the order contained such a recitation, it would be of no avail, because the examination was utterly unauthorized, and whatever occurred thereon would not give the court jurisdiction to enter upon it. But there is no such recitation in the order. It follows the language of the petition, and says that it appeared that he had no property "out of which a judgment could be satisfied." It cannot be claimed that the judgment creditor has waived anything in these proceedings. The notice served upon him was annexed to a petition, and was to the effect that upon such petition an application would be made to the county court, on a day therein specified, for the discharge of the petitioner from arrest. On its face such petition was insufficient to give the court jurisdiction, and the creditor had the right to assume that no proceedings would be had under it. An omission to appear under such a notice could hardly be deemed a waiver or a default.

I am of the opinion that the judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur, except HERRICK, J., dissenting.