· (92 App. Div. 131.)

In re QUICK.

(Supreme Court, Appellate Division, Third Department. March 16, 1904.)

1. IMPRISONMENT FOR DEBT—PROCEEDINGS FOR DISCHARGE—SERVICE OF PAPERS—SUFFICIENCY.

Code, § 780, providing that, if notice of a motion or proceeding in an action is necessary, it must be at least an eight-days notice, except where special provision is made by law, unless the court, on affidavit showing the grounds, in an order to show cause why "the application" should not be granted, directs that a less service be deemed sufficient, does not apply to a service under Code, § 2205, requiring a 14-days service of the petition, affidavit, and notice of their presentation in proceedings for the discharge of an imprisoned debtor.

Appeal from Special Term, Saratoga County.

In the matter of the application of Peter S. Quick, an imprisoned debtor, to be discharged from imprisonment. From an order of discharge, the judgment creditor appeals. Reversed.

On June 1, 1903, Peter S. Quick was arrested upon an execution against his person for debt in the sum of $2,221.55, at the suit of Charles E. Farrell, Jr., by his guardian ad litem, Charles E. Farrell, and was imprisoned in the jail of Saratoga county. Upon September 4, 1903, he procured an order from the county judge of that county in substance requiring said Farrell, by his guardian, to show cause at a special term of the county court of that county to be held at the courthouse in such county on the 14th day of September, 1903, at 10 o'clock a. m., why an assignment of the property of said Quick should not be made, and he be thereupon discharged from his

said imprisonment, pursuant to the provisions of the statute concerning the "discharge of an imprisoned debtor from imprisonment." Such order was procured upon an affidavit of Quick, setting forth, in substance, that he was imprisoned, as above stated; that the next term of the county court began on the 14th of September, 1903, and that he desired to present his petition for discharge at such term; that another term of said court would not be held until the first Monday in October; that he had no money to apply at a term of the Supreme Court; and that he would suffer greatly if he was compelled to wait and be longer deprived of his liberty. He therefore asked for such order to show cause, and that a shorter notice than 14 days be deemed sufficient. The order so obtained, together with a copy of the petition for his discharge and the schedules annexed, were served upon the judgment creditor on September 4th, and on the 14th Quick was ordered before the county court, and presented thereto his petition and schedules and the affidavit required by section 2204 of the Code. The judgment creditor, Farrell, then appeared specially for the purpose of objecting that the 14-days notice required by statute had not been given to nor served upon him or his attorney, and that the court had therefore no jurisdiction to proceed with the proceedings for discharge, and that the order to show cause was not warranted in these proceedings. The court overruled such objection, and ordered that the matter proceed to a decision. The judgment creditor thereupon withdrew, and such proceedings were taken that Quick was ordered discharged from imprisonment. From such order of discharge this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

John L. Henning, for appellant.
John Foley, for respondent.

PARKER, P. J. One of the provisions of the statute under which these proceedings were taken requires that at least 14 days before the petition is presented to the court the petitioner must serve upon the judgment creditor a copy of such petition and schedules, "together with written notice of the time when and place where they will be presented." See Code, § 2205. It is conceded that such service was never made, and that without it, or some service equivalent to it, no order discharging the debtor could lawfully be made. The following cases are authority for the proposition that a service of the petition, schedules, and notice, as required in section 2205, is indispensable to invest the court with "jurisdiction of the particular case": Bullymore v. Cooper, 46 N. Y. 236, 243; Goodwin v. Griffis, 88 N. Y. 629; Seward v. Wales, 40 App. Div. 539, 58 N. Y. Supp. 42.

It is urged, however, that the county judge has excused the petitioner from making the service required by such section 2205, and has substituted therefor the order to show cause that was granted on September 4th, and his authority to do so is claimed to be given by section 780 of the Code. That section provides that if notice of a motion or other proceeding in an action (or in a special proceeding it may be conceded) before a court or a judge is necessary it must, if personally served, be at least an eight-days notice, except where special provision is otherwise made by law, unless the court or a judge, upon an affidavit showing grounds therefor, makes an order to show cause why the application should not be granted, and in such order directs that a service of less than eight days before it is returnable be deemed sufficient. Very evidently this section applies to

matters that are already pending, and over which the court has already acquired jurisdiction. In those instances where, by that section, a motion of eight days is required, a judge may, on cause shown, require a less time by an order to show cause; but as to any of those steps that are required by statute to be taken in order to inaugurate a new action or proceeding such section cannot be made applicable. It may be said of this section, as was said of rule 38 by the Court of Appeals in Matter of Petition of Argus Co., 138 N. Y. 557, 566, 34 N. E. 388:

"It may well be construed as referring alone to those incidental applications ordinarily denominated motions, which are made during the progress of an action or special proceeding after its commencement, and not as embracing an application which is the foundation of a statutory remedy."

The proceedings for the discharge of an imprisoned debtor are not commenced until the petition, schedules, and affidavit, with due proof of service, as prescribed in section 2205, are presented to the court. See section 2208. Therefore, when the order to show cause was granted, there was no proceeding whatever pending in which the order could be deemed to have been made. There was no motion to be then made which under section 780 could be made in eight days, and which the petitioner might, under the same section, ask permission to make on a less time. But the order was in effect a mere permission by the county judge to the debtor to inaugurate the proceedings in a method different from that required by statute. It was a changing of the provisions of section 2205, and not a mere change of the eight-days notice of motion provided for in section 780 of the Code. For such reason section 780 has no application whatever to the situation. It conferred no authority upon the county judge to dispense with the service required by section 2205, and therefore the case stands as if no service whatever under that section had ever been made. The county judge might as well have dispensed with the service of the petition and schedule altogether as to have made the order which he did make, and, in effect, the county court has made the order of discharge without any service whatever having been made upon the judgment creditor. Within the cases above cited such an order would be utterly unwarranted and should not be sustained.

The order appealed from must be reversed, with costs.

Order reversed, with $10 costs. All concur, except HOUGHTON, J., not voting.