to prove a compliance with the requirement of the last sentence of section 722 of the Greater New York charter (Laws 1901, p. 303, c. 466). Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event.

DERAISMES HOSE CO. NO. 1, Respondent, v. CITY OF NEW YORK, Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1908.) Action by the Deraismes Hose Company, No. 1, against the City of New York.

PER CURIAM. It may well be that the plaintiff has a cause of action under our judgment in Jones Hook & Ladder Company, No. 1, v. City of New York, 118 App. Div. 896, 103 N. Y. Supp. 1130. But this judgment cannot stand, because there is not sufficient proof of the alleged contract to pay for the forage. Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event.

DE ROCHE, Respondent, v. RIDGEWAY, Appellant. (Supreme Court, Appellate Division, Second Department. January 22, 1909.) Action by Arthur De Roche against James Ridgeway. No opinion. Motion to dismiss appeal granted, with costs.

DE VITTO, Respondent, v. WILSON & BAILLIE MFG. CO., Appellant, et al. (Supreme Court, Appellate Division, Second Department. December 30, 1908.) Action by Joseph De Vitto against the Wilson & Baillie Manufacturing Company, impleaded with the Long Island Railroad Company. No opinion. Judgment of the Municipal Court unanimously affirmed, with costs.

DIAMOND v. DIAMOND. (Supreme Court, Appellate Division, First Department. January 8, 1909.) Appeal from Trial Term, New York County. Action by Emma Diamond against Nathan Diamond. From an order directing defendant to pay a counsel fee and weekly alimony, he appealed. Affirmed. Max Schleimer, for appellant. Jacob Kram, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

McLAUGHLIN, J. (dissenting). On the 20th of October, 1908, an order was served upon the defendant, together with the papers upon which it was granted, viz., summons, complaint, and affidavits of the plaintiff and her attorney, which were dated the same day, directing him to show cause, at a time and place stated, why counsel fee and alimony pending the action should not be granted to the plaintiff. The papers were all fastened together under the one cover. This was the only service of the summons in the action which was made upon the defendant. Upon the return of the order to show cause the defendant submitted two affidavits, by the first of which he appeared specially for the purpose of raising a preliminary objection that the court had not acquired jurisdiction of him by the service of the summons in the manner described. This objection was overruled, and the order made from which, as resettled, he now appeals. I do not think the court had any power to make the order in question. Such an order can only be made during the pendency of the action. Code Civ. Proc. § 1769. The Code of Civil Procedure provides that eight days' notice of motion must be given, unless an order to show cause is granted. Section 780. In the present case, when the order to show cause was made, the summons had not been served and the action had not been commenced. Section 416. The court, therefore, was without jurisdiction to grant the order to show cause. As was said in Matter of Quick, 92 App. Div. 131, 87 N. Y. Supp. 316, affirmed 179 N. Y. 601, 72 N. E. 1149: "That section [section 780] provides that, if notice of a motion * * * is necessary, it must, if personally served, be at least an eight days' notice, except where special provision is otherwise made by law or by the general rules of practice, unless the court or a judge * * * makes an order to show cause, * * * and in such order directs that a service of less than eight days before it is returnable be deemed sufficient. Very evidently this section applies to matters that are already pending and over which the court has already acquired jurisdiction. * * * Therefore, when the order to show cause was granted, there was no proceeding whatever pending in which the order could be deemed to have been made. There was no motion to be then made which, under section 780, could be made in eight days, and which the petitioner might, under the same section, ask permission to make on a less time." The order to show cause which resulted in the order appealed from, therefore, was a nullity, and there was no motion properly before the court. The defendant had never been served with notice of the motion. That being so, the order appealed from could only be made with defendant's consent, and that he did not consent or waive due service of notice of the motion is perfectly evident from his affidavit, which he presented on the return of the order to show cause, and in which he stated: "I appear specially in opposition to the motion instituted by the plaintiff above named for alimony and counsel fee herein, and for the express purpose, and no other, to interpose a preliminary objection to the hearing of that motion and to object to the jurisdiction of the court. I do not by this appearance submit myself to the jurisdiction of the court in this action, nor waive any of my statutory or constitutional rights in that respect." It further appeared from his affidavit, and the fact was not contradicted, that he had not been personally served with the summons, or a copy of it, other than with the copy annexed to the order to show cause, nor had there been substituted service of the summons. After his objection to the jurisdiction of the court had been overruled, it is true he made a replying affidavit upon the merits; but this does not affect the question. An order affecting a substantial right, made without notice to the party interested, may not be upheld on the ground that for aught that appears a similar order would have been made after notice given. Wheeler v. Emmeluth, 121 N. Y. 241, 24 N. E. 285. Nor do I think the summons was prop-