PAULINE WARMBRAND, Plaintiff, *v.* MORRIS WARMBRAND, Defendant.

Supreme Court, Special Term, Bronx County. July 28, 1942.

*Alexander E. Fox,* for the plaintiff.

*Jesse Perlmutter,* for the defendant.

EDER, J.   Motion to amend final judgment of separation.

A final judgment of separation was entered in this action; the custody of the infant issue of the marriage was awarded to the plaintiff with the right of visitation granted to defendant including the right to take them away from the residence of the plaintiff on Sunday of each and every week between the hours of ten A. M. and six P. M.   Defendant now moves by notice of motion for an order permitting the children, Shirley and Arthur, to spend a two-week vacation during the summer with him and, also, to spend a week-end during the Christmas holiday, each and every year during their minority.

Plaintiff interposes, *first*, a preliminary objection that this application is not properly before the court because of the fact that it was not brought on by order to show cause, prescribing the method of service. The proceeding was brought on by ordinary notice of motion, after final judgment, served; not on the plaintiff, but on her former attorney.

The *second* objection raised is that it is not for the best interests of the children and that the application be denied on the merits, and proceeds to set forth plaintiff's grounds of opposition.

The defendant counters by asserting that plaintiff has waived any objection to defective service by her appearance and going into the merits. I am unable to concur in this view.

It is a perfectly proper practice and procedure to interpose a preliminary objection, and at the same time, by way of protective alternative, to respond to the application on the merits in the event that the preliminary objection is overruled. If it were otherwise, the objector would have to gamble on the result of the preliminary objection and if overruled suffer defeat by failure to answer on the merits, however meritorious the opposition, on the facts, might be. The net result would be constant motions to open defaults, and for permission to oppose on the merits. Such a procedure is not to be countenanced.

Since the aim of the court is to do substantial justice, it looks with disfavor upon devices which only serve as pitfalls and, therefore, disregards them whenever possible to do so. Yet, where the point made is of a substantial nature, it must be upheld.

The preliminary objection raised is of a substantial character for the Legislature has in express terms declared the manner of procedure where it is sought to annul, vary, or modify the directions of a final judgment with respect to the care, custody or control of a child or children.

Section 1170 of the Civil Practice Act, entitled " Custody and maintenance of children, and support of plaintiff in action for divorce or separation," provides, among other things that: " The court, *by order*, upon the application of either party to the action, or any other person or party having the care, custody and control of said child or children pursuant to said final judgment or order, after due notice to the other, to be given in such manner *as the court shall prescribe*, at any time after final judgment, may annul, vary or modify such directions, or in case no such direction or directions shall have been made, amend it by inserting such direction or directions as justice requires for the custody, care, education and maintenance of any such child or children or for the support of the plaintiff in such final judgment or order or orders." (Emphasis mine.)

In view of this definite language, it is clear that the method thus outlined and prescribed must be followed. A departure therefrom is a fatal defect and, if objection is timely made, must be recognized. In *Victor* v. *Turetz* (N. Y. L. J. July 29, 1941, p. 222, EDER, J.), where an attempt was made to amend a judgment of the court, by stipulation, without order of the court, it was held to be without effect and that a motion for modification of the final judgment was the prescribed and proper practice.

Deviations from prescribed modes of procedure are ineffectual when due and timely protest is made. Accordingly the preliminary objection is sustained and the motion is denied, without prejudice to renew, as prescribed by section 1170 (*supra*).