AILEEN HOYSER, Plaintiff, *v.* IRVING R. HOYSER, Defendant.

Supreme Court, Special Term, Onondaga County, February 6, 1946.

*George B. Parsons* for defendant.

*George H. Cole* for plaintiff.

SEARL, J. Defendant husband, by order to show cause, seeks a reduction of weekly alimony awarded in a final decree of divorce to the wife, for her support and that of a child.

A preliminary objection is directed to the fact that defendant has not complied with that portion of section 1155 of the Civil Practice Act which provides: " But no such application shall be made by a defendant unless leave to make the same shall have been previously granted by the court by order made upon or without notice as the court in its discretion may deem proper after presentation to the court of satisfactory proof that justice requires that such an application should be entertained."

Movant's attorney replies that section 1170 of the Civil Practice Act, applicable here, contains no such provision, that permission to make the application is not a prerequisite.

Both counsel agree that the sections are more or less contradictory and that there is no case law for their guidance.

A study of the history of both sections would, in the first instance, tend to the conclusion that we accept the terms of section 1170 as controlling. The former, section 1155 has remained unchanged since taken from subdivision 2 of section 1759 of the Code of Civil Procedure. By contrast, chapter 240 of the Laws of 1925, amending section 1170, added the provision: " But no such application shall be made by a defendant, or any other person or party having the care, custody and con-

trol of said infant or infants, unless leave to make the same shall have been previously granted by the court by order made upon or without notice as the court in its discretion may deem proper after presentation to the court of satisfactory proof that justice requires that such an application should be entertained."

The wording then became almost identical so far as first obtaining leave of the court was concerned, with the exception of the insertion of the words " or any other person or party having the care, custody and control of said infant or infants " in the amendment to section 1170.

Nine years later, by chapter 521 of the Laws of 1934, the Legislature re-enacted all of section 1170 except that portion requiring leave to be first obtained. That such was the only purpose of the amendment is apparent from the title " AN ACT to amend * * * to permit defendant to apply for modification without court permission ".

It is a logical conclusion that had the Legislature intended to do away with the requirement of obtaining consent as contained in section 1155, the lawmakers would at the same time have removed this requirement from section 1155. " Legislative constructions may sometimes be implied from legislative action." (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 75, p. 121.) " When enacting a statute the Legislature is presumed to act with deliberation and with knowledge of the existing statutes on the same subject * * *." (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 222.)

Then, also, in section 1170 we find a limitation in the words " except as otherwise expressly prescribed by statute ". Strictly considered, this limitation may apply only to the provisions within the sentence where it appears; still its presence in the section indicates a legislative intent to make this section subservient to other sections that might be in conflict.

Again section 1170 relates generally to divorce or separation actions, while section 1155 is limited in its scope to an action for divorce brought by the wife.

As intention is to be sought from " all the statutes relating to the same general subject-matter " (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 92, p. 139), and as " Inconsistency in the same statute is thought to be contrary to the intent of the lawmakers, and hence it is to be avoided " (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 98, pp. 170–171), and as " A later statute does not generally

repeal an earlier one on the same subject, unless it contains words of express repeal or the two are so inconsistent that they cannot stand together " (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 221, p. 283) the earlier statute, namely section 1155, is found to be consistent with section 1170.

"If without violating the established canons of interpretation the courts can so construe two statutes that they will be in harmony, it is their duty to give them that effect." (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 398.)

Therefore the court construes section 1155 of the Civil Practice Act to mean that in all applications made in actions for divorce only, by a defendant husband, to "annul, vary or modify" a direction of the court contained in a final judgment dissolving the marriage, and which judgment requires the husband to provide for the education and maintenance of the children of the marriage and/or the support of the plaintiff wife, then and in that event the husband must as a prerequisite, be granted leave by the court to make the application.

The court construes section 1170 of the Civil Practice Act to mean that in all other cases, separation or divorce, application may be made by either party, without previous leave of the court, both before and after final judgment, for the support of a plaintiff wife or when the custody, care, education or maintenance of a child or children of the marriage is an issue.

A careful comparison of the two sections reveals that section 1170 is ordinarily invoked where application is made for temporary assistance *pendente lite,* while section 1155 relates to an application to alter a final judgment. The imposition of the requirement of leave to apply in section 1155 is salutary and just, as otherwise a wife might be constantly assailed by motions for reduction of alimony with every slight change in her husband's financial status, without substantial foundation for relief.

Plaintiff's preliminary objection is sustained, and defendant's motion is denied, without prejudice. As no case law was available to guide defense counsel in his application, no costs are awarded to either party.

Order accordingly.