Eva L. Stuart, Plaintiff, *v.* E. Beryl Stuart, Defendant.

Supreme Court, Monroe County, May 3, 1949.

*Clarence F. Grabb* for plaintiff.

*J. Frank Traynor* for defendant.

Nathan A. Lapham, Official Referee. This is an application to modify the final judgment of absolute divorce in this action entered some sixteen years ago, by providing alimony for the plaintiff. It seems that at that time she was in affluent circumstances while defendant's income was limited. It is the claim of the plaintiff that at the present time their financial situations are reversed and she is in need of assistance. In 1944, certain negotiations were had between the parties resulting in the execution and delivery by the plaintiff of a general release acknowledging receipt of $750 and also of a bank account and certain personal property in 1932. She now contends that adjustment

was to reimburse her in part for advancements made by her toward the expenses of defendant's professional education, and that the release was directed specifically and exclusively to such reimbursement. The defendant, on the other hand, claims it was a general release in full satisfaction.

This proceeding was initiated by notice of motion supported by affidavits alleging the need for relief. The application was brought on for a hearing at a Special Term in Rochester, New York, March 8, 1949, at which the attorneys for both parties appeared. What transpired upon that occasion is not revealed in the record, other than that Mr. Justice GILBERT directed a reference, ordering that " this motion and all the issues therein be referred to Nathan D. Lapham, Official Referee, sole referee to hear and determine." The hearing was held on March 22, 1949, and the case submitted April 11th following.

Neither on the hearing nor in the briefs was the form of the application discussed or challenged. However, the practice employed in bringing this application on before the court is so at variance with statutory requirements, that it gives me pause. The proceeding was initiated by a notice of motion rather than by way of an order to show cause wherein the court may direct the manner of service. Such failure to follow the prescribed procedure (Civ. Prac. Act, §§ 1155–1170) is a fatal defect which must be recognized if timely objection is raised.

Mr. Justice KLEINFELD, in discussing the practice to be followed said: " Motion to modify judgment denied without prejudice. The application should be brought by way of order to show cause. Section 1170, Civil Practice Act. Further, such an application should not be made without first obtaining an order permitting the application. Section 1155, Civil Practice Act." (Kuhlman v. Kuhlman, 58 N. Y. S. 2d 269.)

Mr. Justice COYNE, writing in an application to modify a final decree of divorce, said " Both sections give the court the power to amend the judgment by order ' after due notice to the other, to be given in such manner as the court shall prescribe '. A departure from the procedure outlined is a fatal defect, and if timely objection is raised, must be recognized. * * * The proceeding may not be initiated by notice of motion." (Citing cases.) (Weinberg v. Weinberg, 185 Misc. 350; see, also, Hoyser v. Hoyser, 186 Misc. 621.)

Again, after a final judgment of separation awarding custody to the plaintiff, by notice of motion defendant moved for an order modifying the custody provision. The court said:

"Plaintiff interposes, *first,* a preliminary objection that this application is not properly before the court because of the fact that it was not brought on by order to show cause, prescribing the method of service. The proceeding was brought on by ordinary notice of motion, after final judgment, served, not on the plaintiff, but on her former attorney. * * * The defendant counters by asserting that plaintiff has waived any objection to defective service by her appearance and going into the merits. I am unable to concur in this view." After quoting at length from the provisions of section 1170 of the Civil Practice Act, the court continued: "In view of this definite language, it is clear that the method thus outlined and prescribed must be followed. A departure therefrom is a fatal defect and if objection is timely made, must be recognized. In *Victor* v. *Turetz* (N. Y. L. J., July 29, 1941, p. 222, EDER, J. [178 Misc. 985]) where an attempt was made to amend a judgment of the court, by stipulation, without order of the court, it was held to be without effect and that a motion for modification of the final judgment was the prescribed and proper practice.

"Deviations from prescribed modes of procedure are ineffectual when due and timely protest is made. Accordingly the preliminary objection is sustained and the motion is denied, without prejudice to renew, as prescribed by section 1170 (*supra*)." (*Warmbrand* v. *Warmbrand,* 178 Misc. 788, 789, 790.)

Any possible question, however, of a special appearance being necessary as a condition precedent to raising the question of jurisdiction is disposed of by the following cases: The principle here involved also obtains in Surrogate's Court. It seems that in a proceeding to probate a will the petitioner failed to serve citations, but accepted waivers of the issuance and service thereof. The question of jurisdiction was raised and the court said: "While a party has the undoubted right to waive any of his rights, there is a broad distinction, it seems to me, between his power to waive his rights and his power to waive the express provisions of a statute as to how a court shall obtain jurisdiction of a proceeding and of the persons of the necessary parties thereto." (*Matter of Gregory,* 13 Misc. 363, 368.)

In another case where the defendant applied by notice and the plaintiff cross-moved to punish the defendant for contempt, Mr. Justice RUBENSTEIN, in denying both motions, said: "Both motions were initiated by notice of motion. This practice is improper. Civil Practice Act, §§ 1155, 1170, 1172 and

1172-a, require that the applications be instituted by order to show cause. See also *Coalson* v. *Coalson,* 58 N. Y. S. 2d 166. Accordingly, both applications are denied without prejudice to renew and upon proper papers." (*Schenker* v. *Schenker,* 58 N. Y. S. 2d 167, 168.)

Referring to the decision in *Coalson* v. *Coalson* (*supra*) we find the same judge there holding that: " Although this application to modify a final judgment of divorce *is not opposed,* it may not be granted. Civil Practice Act, § 1170 requires that notice shall be given ' as the court shall prescribe.' This statute was not followed, for the proceeding was initiated by notice of motion." (Citing *Warmbrand* v. *Warmbrand, supra.*) (Emphasis supplied.) (*Coalson* v. *Coalson,* 58 N. Y. S. 2d 166.)

At first thought, one might be inclined to the view that so long as the procedure employed brought the parties before the court, the method employed became inconsequential. True, an order to show cause is not infrequently employed to shorten the time for service of a notice of motion and, also, in the instant proceeding, so far as the record reveals, no objection to the form of the notice was raised when the application was before the Special Term resulting in the order referring to me as Official Referee " *this motion* and all the issues therein " to hear and determine (emphasis supplied). If I interpret the order correctly, the form of the motion, as well as the substance, was referred to me. Such shortening of a notice of motion usually " * * * refers to those incidental applications ordinarily denominated motions, which are made during the progress of an action or special proceeding after its commencement, and does not embrace an application which is the foundation of a statutory remedy." (1 Carmody on New York Pleading and Practice, § 366.)

On an application for the discharge of an imprisoned debtor, an order to show cause was procured to shorten the notice in order to enable the petitioner to move before an earlier term of the County Court. Upon the return date, the judgment creditor appeared specially and interposed the objection that the fourteen-day *notice required by statute* had not been given and that the court had, therefore, no jurisdiction to proceed. The court overruled the objection and, upon appeal, Presiding Justice PARKER, with full concurrence said: " One of the provisions of the statute under which these proceedings were taken requires that at least fourteen days before the petition is presented to the court the petitioner must serve upon the judgment

creditor a copy of such petition and schedules ' together with a written notice of the time when and place where they will be presented.' (See Code Civ. Pro., § 2205.) It is conceded that such service was never made, and that without it, or some service equivalent to it, no order discharging the debtor could lawfully be made. The following cases are authority for the proposition that a service of the petition, schedules and notice as required in section 2205 of the Code is indispensable to invest the court with ' jurisdiction of the particular case.' (*Bullymore* v. *Cooper*, 46 N. Y. 236, 243; *Goodwin* v. *Griffis*, 88 id. 629; *Seward* v. *Wales*, 40 App. Div. 539.)'' Reviewing the contention before the court that the County Judge had excused the petitioner from making such service as required by section 2205 and had substituted the order to show cause pursuant to authority given by section 780 of the Code, Judge PARKER, continuing, said: '' * * * *but as to any of those steps that are required by statute to be taken* in order to inaugurate a new action or proceeding such section [780] cannot be made applicable. * * * [Citing *Matter of Argus Co.*, 138 N. Y. 557.] * * * The proceedings for the discharge of an imprisoned debtor are not commenced until the petition, schedules and affidavit, with due proof of service, as prescribed in section 2205 are presented to the court. (See Code Civ. Pro., § 2208.) Therefore, when the order to show cause was granted, *there was no proceeding whatever pending, in which the order could be deemed to have been made.* * * * It was a changing of the provisions of section 2205, and not a mere change of the eight-days' notice of motion provided for in section 780 of the Code * * * and therefore, the case stands as if no service whatever under that section had ever been made.'' (Emphasis supplied.) (*Matter of Quick*, 92 App. Div. 131, affd. 179 N. Y. 601; see, also, *Seward* v. *Wales*, 40 App. Div. 539; *Meadow* v. *Barth*, 44 N. Y. S. 2d 729; *Adolf Gobel, Inc.*, v. *Weil*, 263 App. Div. 817.)

In applying the rule here under consideration, Mr. Justice HINMAN, writing with full concurrence, quoted from Corpus Juris as follows: '' So also if the court cannot try the question except under particular conditions or when approached in a particular way, the law withholds jurisdiction unless such conditions exist or unless the court is approached in the manner provided, and consent will not avail to change the provisions of the law in this regard (15 C. J. 802.) '' (*Cooper* v. *Davis*, 231 App. Div. 527, 529.)

This proceeding was not initiated during the progress of the action and cannot, in disposing of this question, be deemed an incidental application. In noting this distinction, I am not unmindful of the enunciation of the rule governing the right of the wife to apply after final judgment for a variation or modification of its provisions. It is true that by statute the jurisdiction of the court for the granting of this relief is prolonged (*Fox* v. *Fox*, 263 N. Y. 68), but the application for relief must follow the statute. Here the judgment of divorce was procured some sixteen years before. No appeal was taken and in no sense of the word can this application be said to have been instituted '' during the progress of an action '' within the rules of practice. By reason of the failure of the plaintiff to conform her application to the requirements of section 1155 of the Civil Practice Act, I am of the opinion that any decision rendered upon the merits herein would not stand, if the court's jurisdiction were collaterally attacked. (*Sullivan* v. *McFetridge*, 55 N. Y. S. 2d 511, 524, 527; *Risley* v. *Phenix Bank of City of New York*, 83 N. Y. 318, 337.)

It is unfortunate that this question was not raised at Special Term or at the opening of the trial before me. Had jurisdiction been challenged before the evidence was taken, the error could have been corrected by immediate dismissal of this proceeding without prejudice, and the institution of a new application in compliance with the statute, thus avoiding two trials of the issue. Loath as I am to subject the parties to another application, I see no other course. It is possible that, if the matter were properly brought on, counsel, in order to save time and expense, might wish to stipulate that the evidence taken before me be introduced as a part of the record in a new proceeding.

For the reasons aforesaid, the application is denied, without costs and without prejudice.