VICTOR L. COLUCCI, Plaintiff, *v.* ELIZABETH COLUCCI, Defendant.

Supreme Court, Special Term, Bronx County, August 4, 1952.

*Alfred Jaffe* for defendant.

*Victor L. Colucci,* in person, and *Vito A. Cardo* for plaintiff.

MATTHEW M. LEVY, J. The defendant wife moves, after final judgment of divorce against her on February 24, 1951, for rights of visitation as to the infant issue of the marriage, custody of whom (pursuant to separation agreement and without contest upon the trial) had been awarded to the plaintiff husband. He appeared in person before me in opposition to the defendant's present application.

It does not appear from the defendant's moving papers, but an examination of the filed papers in this action discloses that since the judgment of divorce the defendant applied twice to this court for the identical relief. Mr. Justice DI FALCO denied her motion on December 17, 1951, and denied her application for reargument on March 5, 1952, '' without prejudice to a renewal at Special Term before the justice there presiding on a showing that the interests of the children will be served by permitting the visitation sought.''

It seems to me that I should have been informed in the present moving papers that there had been two prior applications for the same relief, and that they had been denied, and that the privilege of renewal was limited by the court upon proof of a

specific fact. If the present motion had been made by order to show cause, and not by notice of motion, rule 61 of the Rules of Civil Practice would have required the disclosure of prior applications and of their disposition.

I am not one of those who (in these days of yearning for ever simpler practice and procedure) believe that the use of a notice of motion, and not an order to show cause, is necessarily taboo — particularly where the opposition raises no objection, appears generally and defends on the merits. But I call plaintiff's attention to *Stuart* v. *Stuart* (195 Misc. 928), and the cases therein cited, where the failure to proceed by order to show cause was deemed jurisdictionally fatal. That case involved custody and arose under an old decree; and not, as is the case here, visitation or under a recent decree. Am I able to make a proper distinction, because of the time lapse between final decree and requested modification, as affecting the form of required procedure? Am I able also to make a proper distinction between the mandatory use of an order to show cause and permissive use of a notice of motion — change of " custody " requiring the former; and plea for " visitation " permitting the latter?

I am not certain that these differences are material, in view of the language of the statute (Civ. Prac. Act, § 1170). What I am sure about is that even where a notice of motion is utilized that cannot be a basis for avoiding, unintentionally or otherwise, complete disclosure of prior proceedings of a similar or applicable nature. And assuming that I could properly ignore the possible contention that the defendant can proceed here only by way of order to show cause, there is no such substantial change in the present motion papers from what was presented to Mr. Justice Di Falco as would warrant my acting favorably upon the instant application. My colleague pointed out then that " the papers on the original application and on this motion do not disclose any facts that would justify the relief at this time." It may be that the defendant will be able to show that she should be granted some rights of visitation, but, under all the circumstances, this motion on these papers must be and is denied, without prejudice.