JOSEPHINE DIORIO et al., Infants, by Their Guardian ad Litem ANTONIO DIORIO, et al., Appellants, v. VERNON L. HILL, Respondent.— In an action by the infant plaintiffs to recover damages for personal injuries due to the alleged negligence of defendant in striking and injuring them with his automobile and by their father for medical expenses and loss of services, judgment for defendant unanimously affirmed, without costs. The jury was warranted in finding that the accident had occurred while the infant plaintiffs were crossing the road and while they were on the concrete and not, as they testified, while they were proceeding northerly after having completely crossed the road. The ruling of the court with respect to dismissal if the accident occurred while said plaintiffs were on the concrete, referred, as shown by the context, to the request to charge with respect to crossing the road from east to west. Present — Carswell, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.

■

ERNA M. DODT, Respondent, v. WALTER G. DODT, Appellant.— Defendant appeals from an order denying his motion to vacate an ex parte order which amended a decree of separation so as to include two provisions of a separation agreement, after the plaintiff had obtained a decree of divorce in the State of Florida in an action in which the defendant did not appear. Order affirmed, without costs. The defendant by his action to enjoin the removal of the children from the State of New York is resting on the separation decree as entered originally. That decree awarded custody to the plaintiff with the right of weekly visitation in the defendant. It was, and still is, subject to amendment under the provisions of section 1170 of the Civil Practice Act, so far as it dealt with the custody of the children. The parties agreed that, without notice to the defendant, the provisions of the separation agreement could be incorporated into the judgment in the separation action. Defendant does not deny that as proposed by the plaintiff, the judgment did include the provisions of the separation agreement which have been added by the amendment. Those provisions are not unrelated to the custody of the children. The Justice who granted the ex parte order was the same Justice who heard the inquest and suggested that the terms of the separation agreement should be included in a finding in the judgment. Assuming that notice should have been given to the defendant of the application to amend, he has been afforded an opportunity to present his opposition to the amendment on the motion to vacate the ex parte order. It is not necessary now to determine whether the parties by their agreement, or the court by its decree, intended that the children should be kept within the jurisdiction so that the defendant could exercise the right of weekly visitation. However, it cannot be said as matter of law that it was intended that the children should be kept within the jurisdiction so that the defendant could exercise the right of weekly visitation, nor that the plaintiff would be at liberty to render the right of visitation worthless by removal of the infants to a point where weekly visitation was impossible as a practicable matter in view of the circumstances of the parties. Adel, MacCrate and Schmidt, JJ., concur; Carswell, J., concurs in result; Nolan, P. J., dissents and votes to reverse the order and to grant the motion on the ground that the separation decree could be amended only on notice. (Civ. Prac. Act, § 1170; *Allers* v. *Allers,* 236 N. Y. 54; *Warmbrand* v. *Warmbrand,* 178 Misc. 788; *Stuart* v. *Stuart,* 195 Misc. 928.)