JOSEPHINE VOLASTRO, Plaintiff, *v.* JOHN VOLASTRO, Defendant.

Supreme Court, Special Term, Kings County, June 19, 1962.

*Allen H. Weiss* for plaintiff. *Alfred F. Ritter* for defendant.

LOUIS B. HELLER, J. In this separation action plaintiff moves to have the defendant adjudged in contempt for his failure to pay alleged arrears in alimony in the sum of $1,185; for his failure and refusal to pay to one of the issue of the marriage the sum of $700 in accordance with the judgment entered herein, and in failing to pay the sum of $60 as her counsel fee. In addition, plaintiff seeks further relief, pursuant to section 49-b of the Personal Property Law, directing the defendant's employer to deduct from his wages the sum of $30 a week current alimony and a reasonable counsel fee for bringing this application.

Defendant, in opposition, contests the right of plaintiff to the relief with respect to the sum of $270 of the arrears and the remainder of the $915 claimed by the plaintiff as well as the $700 due his son. In addition, he stresses the gainful employment of his daughter, and that the decree should be modified and reduced resulting from such employment.

Motion to punish for contempt granted as to $915. Plaintiff, in setting forth the total of arrears, included the sum of $270, an item which had been previously passed upon by Honorable GEORGE A. ARKWRIGHT, Official Referee, in a prior motion to punish for contempt, which application had been denied. In view of this determination plaintiff cannot request the same relief and ask this court to pass upon and review such previous determination. The defendant may purge himself of such contempt by paying the arrears of alimony in the sum of $915 in weekly installments of $5 in addition to current alimony and by paying the arrears of counsel fee in the sum of $60 within 10 days after the service of a copy of the order to be entered herein with notice of entry.

In view of the categorical statement by the attorney for the defendant that he had paid the sum of $700 to the son of the parties on March 30, 1962, which statement has not been controverted, that phase of the plaintiff's motion is denied.

The relief sought pursuant to section 49-b of the Personal Property Law is granted. The defendant's employer is directed to transmit the sum of $30 per week as will be provided for in the order to be entered herein (*Langus* v. *Langus,* 16 Misc 2d 648; *de Jongh* v. *de Jongh,* 13 Misc 2d 882).

As to the request for a modification of the existing judgment resulting from the employment of the daughter, the defendant cannot obtain such relief by an affidavit in opposition to a motion instituted by the adverse party. Such relief may only be obtained by an application made pursuant to the provisions of section 1170 of the Civil Practice Act (*Weinberg* v. *Weinberg,* 185 Misc. 350; *Stuart* v. *Stuart,* 195 Misc. 928) and a plenary hearing (*Mastin* v. *Mastin,* 15 A D 2d 933).

Accordingly, such relief is denied at this time with leave to the defendant to proceed by proper application if so advised. Counsel fee in the sum of $75 is granted payable within 30 days after the service of the order to be entered herein with notice of entry.