CHARLES L. ALLERS, Respondent, *v.* OLGA S. ALLERS, Appellant.

**Husband and wife — separation — custody of children — notice of motion for custody of children must specify relief asked for — upon motion by father for modification of judgment so as to permit him to see children, improper to award to him general custody of child.**

1. A party to an action for a separation of husband and wife is entitled to be heard on a motion for custody of children. Section 1170 of the Civil Practice Act specifically provides for notice of the application. The notice which must be given is notice of the relief asked for and the modification or direction which is requested.

2. Upon application to the court for leave to modify a judgment, previously entered in an action for a separation, so as to permit the father to see his children, it is irregular and improper for the court, after hearing the parties, to award the custody of a child to the father when the proper care, maintenance and welfare of the children has not been raised on the motion or at the hearing. This

defect is not cured by filing a supplemental affidavit after the hearing. Upon appeal, therefore, from an order made upon such an application, the Appellate Division may not modify a judgment, directing as to times when the father may see his children, by awarding to him the general custody of one of them.

Allers v. Allers, 200 App. Div. 839, reversed.

(Argued April 19, 1923; decided May 11, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 29, 1921, which modified and affirmed as modified a judgment entered upon a decision of the court on trial at Special Term in an action for a separation in so far as it directed as to custody of children of the parties to the action.

*Warren Leslie, Harry W. Allen* and *Charles F. Bliss* for appellant. The Appellate Division committed a reversible error, in law, in awarding the custody of the infant son to the father for the reason that the question of the custody of the child was not before the court. (Civ. Pr. Act, § 1170; *Goodsell* v. *Goodsell,* 82 App. Div. 65; *Erkenbrach* v. *Erkenbrach,* 96 N. Y. 456; *Hauscheld* v. *Hauscheld,* 33 App. Div. 296; *Walker* v. *Walker,* 155 N. Y. 80; *Mesereau* v. *Mesereau,* 51 App. Div. 461; *Schiller* v. *Weinstein,* 45 Misc. Rep. 591; *Boston Nat. Bank* v. *Armour,* 50 Hun, 176; *Davis* v. *Fogarty,* 134 App. Div. 500; *Mooney* v. *Ryerson,* 8 Civ. Pro. Rep. 435.)

*Jesse Fuller, Jr.,* and *Leo R. Brilles* for respondent.

CRANE, J. The plaintiff brought this action for separation wherein the defendant interposed a counterclaim asking for separation from the plaintiff. The issues thus joined were tried before the late Mr. Justice SQUIERS without a jury in April of 1920 and resulted in a judgment dismissing the complaint upon the merits and awarding

to the defendant the custody of her two infant children, Olga Eleanor Allers, a daughter born August 29, 1911, and Charles L. Allers, Jr., a son born December 8, 1912.

The trial justice found that the plaintiff refused to live with the defendant and during the previous year had not supported his wife and daughter. The judgment entered read as follows: " Further ordered, adjudged and decreed, that the care, custody and control of the children of the parties hereto, namely, Olga Eleanor Allers, a daughter, eight years of age, and Charles L. Allers, Jr., a son, seven years of age, is hereby awarded to said Olga S. Allers, the mother of said children, and it is

" Further ordered, adjudged and decreed, that the said plaintiff Charles L. Allers shall provide an appropriate place in the mountains during the summer of 1920 for his wife and children, where both children shall live with the mother, apart from the parents of both the plaintiff and the defendant, with the privilege to the plaintiff to spend his vacation there with his children, if he so desires, and if plaintiff does not provide a suitable place for them before June 16, 1920, the defendant Olga S. Allers shall be at liberty so to do, and it is

" Further ordered, adjudged and decreed, that not later than September 1, 1920, the plaintiff shall establish and maintain a home on Staten Island, New York, separate and apart from the parents of plaintiff and defendant, where the defendant Olga S. Allers shall live with her two children and where the plaintiff shall have access to the children at all appropriate times, and where he may reside, if he so desires; and it is

" Further ordered, adjudged and decreed, that in the event that plaintiff shall not provide a suitable home, as herein provided, the defendant Olga S. Allers is hereby permitted to establish a home for herself and children."

The plaintiff feeling aggrieved by this decision appealed to the Appellate Division where the judgment was

affirmed. In an opinion the Appellate Division said: " The decision in its conclusions of law found that the husband's such acts constituted abandonment by the plaintiff of his wife, but, somewhat strange to say, it did not give her a separation but merely gave her the custody of the two children and directed him to maintain a home for her and them. * * * It also provided that either party at any time might apply to the court to modify the judgment."

Section 1170 of the Civil Practice Act provides that where an action for separation is brought by either husband or the wife, the court must give in the final judgment such directions as justice requires for the custody, care, education and maintenance of the children. Further that the court, by order, upon the application of either party to the action, after due notice to the other, may, at any time after final judgment, annul, vary or modify such directions as justice requires. But no such application shall be made by a defendant, or any other person or party having the care, custody and control of said infant or infants, unless leave to make the same shall have been previously granted by the court by order made upon or without notice as the court in its discretion may deem proper after presentation to the court of satisfactory proof that justice requires that such an application should be entertained.

Pursuant to this section, the plaintiff on the twenty-second day of March, 1921, obtained an order from the Special Term of the Supreme Court granting him leave to apply for a direction as to the children and in the following words: " Ordered, that leave and permission be and they hereby are granted to this plaintiff to apply to this court for an order modifying the decree herein by fixing the times and places and conditions under which he may be permitted to see said children." Thereafter and on March 23, 1921, the plaintiff gave notice of motion to the attorney for the defendant that he

would apply for an order modifying the decree herein, " by inserting therein a provision permitting the plaintiff to see his two children, the issue of the marriage between the parties hereto, every alternate day from 3 o'clock in the afternoon until 5 o'clock in the afternoon, and every alternate day from 3 o'clock in the afternoon until 7.30 in the evening, and permitting the plaintiff to have the said children in his exclusive custody every alternate week from Friday evening until Monday morning, and further permitting the plaintiff to have said children in his exclusive custody and control for one-half of the summer and all other vacation periods, and for such other and further relief as may be just and proper."

The motion coming on to be heard, the trial justice granted it to this extent: " Ordered and Adjudged, that the judgment and decree of this court heretofore entered herein on the 7th day of June, 1920, be and the same hereby is amended in manner following:

" (1) That the plaintiff Charles L. Allers is hereby given permission to see and have the children, issue of the marriage between the parties hereto, in his personal custody and care on Wednesday of each and every week, except during one month in the summer, from three o'clock until six o'clock in the afternoon of said day; the plaintiff to call for and return the said children where they reside with their mother, the defendant herein, at the end of said visitation period.

" (2) That the plaintiff Charles L. Allers is hereby given permission to see and have the said children with him on every alternate Friday, except during one month in the summer, from three o'clock until six o'clock in the afternoon of said day, the said plaintiff to call for and return the said children where they reside with their mother, the defendant herein, at the end of said visitation period. The alternate Fridays during which the plaintiff shall be permitted to see and have the said children, shall be the Friday of the week in which he does not have

them with him from Saturday morning until Sunday evening, as hereinafter provided.

" (3) The plaintiff herein is hereby given permission to see and have said children in his personal custody and care on every alternate Saturday except during the one month of the summer, from 8:30 o'clock in the morning until Sunday, the next day, at 8 o'clock in the evening; the plaintiff to call for and return the said children where they reside with their mother, at the end of said visitation period.

" (4) That the plaintiff herein is hereby given permission to have his son, Charles L. Allers, Jr., with him in his personal custody and care, when he shall be on his vacation, continuously for one month during the summer of 1921, and he is also given permission to have his daughter, Olga Eleanor, during such vacation, with him continuously for a period of two weeks. The plaintiff to call for and return the said children.

" (5) That the defendant herein is hereby granted the permission, upon the return of said children at the expiration of the vacation during which plaintiff herein has the said children with him, as provided in the 4th subdivision of this order, to have the said children in her sole care and custody for one month in the summer, free from any right of visitation by the plaintiff as hereinbefore provided."

Among the affidavits submitted was one by the plaintiff wherein he stated that during the course of the argument of the motion, the attorney for the defendant stated in open court that it was the intention of the defendant to remove from Staten Island to White Plains, and he asked that his son be placed in his custody giving to the defendant the full right and privilege to see the boy at all reasonable times and places. To this the defendant replied in a further affidavit calling attention to the fact that the court had already entered judgment deciding that the children should grow up together and know each

other. She further stated that because of the plaintiff's utter failure to provide her a home as directed she was dependent upon the bounty of her mother who was to live in White Plains. She further stated that if the plaintiff would provide a home for her and her children she would stay in Staten Island. In this affidavit she called attention to the fact that there had been no suggestion in the moving affidavits that the children were not being properly provided for and that from the reading of the affidavits it was clear that the plaintiff was perfectly satisfied to have them continue provided he could see them as requested.

The plaintiff appealed to the Appellate Division from this modification of the judgment made by Mr. Justice SQUIERS. That court modified the judgment and decree entered originally on the 7th day of June, 1920, and subsequently affirmed by it, directing: " That the general custody of Charles L. Allers, Jr., one of the issue of the marriage between the parties hereto, be and the same hereby is awarded to the appellant, Charles L. Allers." The general custody of the daughter was given to the defendant. Provision was then made for the son to be with his mother during one month of school vacation and on alternate Saturdays and Sundays.

The mother on appeal to this court complains that she never had notice of any application to take from her the custody of the boy which had been awarded to her by final judgment. The motion made by the plaintiff, the father, was to amend the judgment so as to permit him to see the children at certain times specified in his notice of motion. The motion was made pursuant to leave granted by the Special Term. The parties came into court before the trial justice to be heard upon this motion. The plaintiff did not ask for the custody of either child. It is true that in a supplemental affidavit filed *after* the hearing he requested the custody of the boy, if the defendant were to take the children to White

Plains.   To this the defendant filed an additional affidavit stating that if she went to White Plains it was because the plaintiff forced her to do so in failing to provide a home for her as directed by the judgment.   No point was made about the change of the general custody of the children and plaintiff's application which the defendant was called upon to meet was for permission to see the children as specified in his notice of motion.   The plaintiff did not move to modify the judgment by giving him the custody of either the boy or the girl.   It is fair to assume that if the plaintiff had made such a motion, the defendant would have met it by affidavits showing the necessity of the children remaining with her and the conditions and surroundings in which they were being brought up. No question was raised as to the proper care and maintenance of the children except that the plaintiff failed to provide a home for them.   On appeal the Appellate Division has modified the judgment completely and awarded the plaintiff the general custody of the boy. We feel that the Appellate Division has gone too far in this particular upon this application.   A party is entitled to be heard on a motion for the custody of children. The provision of the Civil Practice Act, referred to, specifically provides for notice of the application.   The notice which must be given is notice of the relief asked for and the modification or direction which is requested. Upon application to the court for leave to modify a judgment so as to permit the father to see his children, it would be irregular and improper for the court after hearing the parties upon such application to award the custody of the boy to the father when the proper care, maintenance and welfare of the children had not been raised on the motion or at the hearing.   In other words, in these matters the parents are entitled to be heard and have an opportunity of contesting the relief or modification asked for.   The plaintiff in this action cannot ask permission to see his children upon certain

days and then obtain the general custody of his boy without giving the defendant an opportunity to show that he should not have the custody or that the welfare of the boy demands that he remain with her.

The judgment of the Appellate Division, in so far as it modifies judgments awarding custody of child, should be reversed, and the judgment of the Special Term affirmed, without costs.

HISCOCK, Ch. J., McLAUGHLIN and ANDREWS, JJ., concur; HOGAN, CARDOZO and POUND, JJ., dissent.

Judgment accordingly.