PHILIP GUTSTEIN, Appellant, v. FANNIE PRASHKIN et al., Respondents.— In an action for partition, plaintiff appeals from an order granting the motion of a defendant to join one Rae Hauser as a party defendant. Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., MacCrate, Schmidt, Beldock and Ughetta, JJ., concur.

∎

BETTY HARTENSTEIN, Appellant, v. SAM HARTENSTEIN, Respondent.— In a separation action judgment was entered which, among other things, contained provisions dismissing appellant's complaint, awarding custody of the child of the parties to her, and granting rights of visitation to respondent from 1:00 P.M. to 4:00 P.M. each Sunday and from 5:00 P.M. to 7:00 P.M. each Wednesday. An amended judgment, entered subsequently, did not change said provisions. Thereafter, respondent moved to punish appellant for her failure to comply with the aforesaid provisions pertaining to visitation. Said motion was referred to an official referee to hear and determine. His order, from which this appeal is taken, among other things grants the motion to punish for contempt, amends the aforesaid provision relating to visitation so as to provide that appellant shall deliver the child to the home of a certain nurse each Sunday at 1:00 P.M. for visitation, respondent to return the child to appellant's residence by 6:00 P.M.; directs appellant to deliver the child accordingly and provides for her punishment upon ex parte application in case of failure to comply. Order modified by striking from the third ordering paragraph thereof the word "herein" and by adding in lieu thereof the words "on the 17th day of May, 1954", by striking therefrom everything that follows the word "parties" and by adding in lieu thereof the words "as therein directed", and by striking from said order the fourth and fifth ordering paragraphs. As so modified, order affirmed, with $10 costs and disbursements to the appellant. The matter of amending the visitation provisions was not referred to the Referee. In any event, respondent having made no application therefor, he was not entitled to have eliminated the Wednesday visitation of two hours and to have such time added to the Sunday visitation. (Civ. Prac. Act, § 1170-a; *Allers* v. *Allers,* 236 N. Y. 54.) Nolan, P. J., Wenzel, Schmidt, Murphy and Ughetta, JJ., concur.